1997 ND 158

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**David George SISSON, Defendant and Appellant.**

**Criminal No. 960357.**

Supreme Court of North Dakota.

Aug. 11, 1997.

Douglas L. Mattson, Ward County State's Attorney, Minot, for plaintiff and appellee.

Richard L. Hagar, of Kenner, Sturdevant, Peterson, Cresap, P.C., Minot, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] David Sisson appealed from a judgment of conviction for the January 5, 1996 murder of Curt Scott Siegelin. We affirm.

[¶ 2] At the time of the murder, 46–year–old Siegelin and 17–year–old Sisson had lived together off and on for the previous two years. Sisson moved out of Siegelin's residence about a week before the murder and stayed with friends in Bismarck. On the night of the murder, Sisson and three friends traveled to Minot to rob the hotel where Siegelin worked. During the robbery, Sisson entered the resident manager's living area and repeatedly stabbed Siegelin, who was sleeping on a couch.

[¶ 3] Sisson transferred to adult court and was charged with class AA murder and criminal conspiracy. Pursuant to a written plea agreement, Sisson agreed to plead guilty to class AA murder, the State agreed to drop the conspiracy charge and recommend a 45–year sentence with ten years suspended,[1] and Sisson was allowed to argue for a lesser sentence.

[¶ 4] On the morning of September 19, 1996, the parties met in chambers to ascertain whether the judge would accept the terms of the plea agreement. After the court indicated it would approve the plea agreement, Sisson moved for allowance of fees for a clinical psychologist to assist in his argument for a lesser sentence. The State was given five days to file a written response. Sisson filed a written motion and brief later on September 19. A change of plea hearing was held that afternoon, and the court formally approved the plea agreement and accepted Sisson's guilty plea. The court ordered a presentence investigation.

[¶ 5] Prior to sentencing, the court denied Sisson's motion for an expert witness to assist in sentencing. After the presentence investigation was prepared, Sisson moved for reconsideration of his request for expert assistance or, alternatively, to withdraw his guilty plea. The court denied the motion. At the sentencing hearing, Sisson testified that Siegelin had sexually molested him on

---

1. Although the plea agreement provides that the State would *recommend* 45 years with ten years suspended, the parties agree that it was intended as a binding cap on the sentence, and Sisson could withdraw his guilty plea if the court did not agree to sentence him to that amount or less. See Rule 11(d)(4), N.D.R.Crim.P. For a discussion of the various types of plea agreements under Rule 11, N.D.R.Crim.P., see *State v. Klein*, 1997 ND 25, 560 N.W.2d 198.

numerous occasions over the course of their relationship, and his counsel argued for a lesser sentence based upon that mitigating factor. The court followed the recommendation in the plea agreement, sentencing Sisson to 45 years in the State Penitentiary with ten years suspended.

[¶ 6] Sisson contends the trial court abused its discretion in denying his motion for expert assistance at sentencing. Sisson asserts allowance of funds for expert assistance was an implied "understanding" between the parties as part of the plea agreement. Neither the record nor the written plea agreement supports this assertion. The plea agreement does not mention expert assistance at sentencing, and the transcripts of the in-chambers discussion of the plea agreement and the change-of-plea hearing do not suggest that expert assistance was a condition of the plea agreement or was even considered in the negotiations for the plea agreement.

[¶ 7] Because the plea agreement was not conditioned upon allowance of funds for expert assistance at sentencing, it was entirely within the trial court's discretion to grant or deny Sisson's motion:

"The authorization of public funds for expert assistance for an indigent defendant is a matter which lies within the discretion of the trial court and is reviewed under the abuse-of-discretion standard."

*State v. Gonderman,* 531 N.W.2d 11, 12 (N.D.1995). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law. *State v. Klein,* 1997 ND 25, 560 N.W.2d 198. The State must provide the basic tools of an adequate defense, but "need not provide an indigent defendant with all the tools that a wealthier counterpart may buy." *Gonderman,* 531 N.W.2d at 13.

[¶ 8] Sisson asserts an expert could have supported his assertion he committed the murder under "extreme emotional duress." Sisson's argument is premised upon the dif-

ference between class AA murder and class A murder under Section 12.1–16–01:

"1. A person is guilty of murder, a class AA felony, if the person:

"a. Intentionally or knowingly causes the death of another human being;

\*       \*       \*       \*       \*       \*

"2. A person is guilty of murder, a class A felony, if the person causes the death of another human being under circumstances which would be class AA felony murder, except that the person causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse. The reasonableness of the excuse must be determined from the viewpoint of a person in that person's situation under the circumstances as that person believes them to be. An extreme emotional disturbance is excusable, within the meaning of this subsection only, if it is occasioned by substantial provocation, or a serious event, or situation for which the offender was not culpably responsible."

Class AA murder carries a maximum penalty of life without parole; class A murder carries a maximum of twenty years' imprisonment and a $10,000 fine. See Section 12.1–32–01, N.D.C.C. Sisson argues that, because a jury might have found him guilty of the lesser offense had he gone to trial, he should be allowed to argue for sentencing based upon the class A felony parameters.

[¶ 9] Sisson's argument is premised upon a misunderstanding of the consequences of his plea of guilty to class AA murder. In effect, he argues that, although he pleaded guilty to class AA murder, he should be allowed at sentencing to show he actually committed only a lesser crime. However, by pleading guilty to class AA murder, Sisson waived all nonjurisdictional defects and defenses, and admitted all elements of the crime. See *State v. Keyes,* 536 N.W.2d 358 (N.D.1995); *State v. Cook,* 344 N.W.2d 487 (N.D.1984). As we said in *State v. Olson,* 544 N.W.2d 144, 146 (N.D.1996):

"The effect of a defendant's voluntary plea of guilty to an offense is well established. ' "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." ' *State v. Barlow,* 193 N.W.2d 455, 458 (N.D.1971) [quoting *Boykin v. Alabama,* 395 U.S. 238, 242–243, 89 S.Ct. 1709, 1711–1712, 23 L.Ed.2d 274 (1969) ]."

■ [¶ 10] At sentencing, a defendant who has pleaded guilty is not entitled to assert he actually committed some lesser crime and should be sentenced accordingly. By pleading guilty, he has admitted guilt of the greater offense. In this case, Sisson pleaded guilty to class AA murder, thereby admitting he had not acted under "extreme emotional disturbance." Accordingly, extreme emotional disturbance was not an issue at sentencing, and the court did not abuse its discretion in denying Sisson's request for an expert witness to support it.

[¶ 11] At oral argument, Sisson asserted the expert may have assisted in presenting mitigation evidence at sentencing under Section 12.1–32–04(4), N.D.C.C., which provides:

*"Factors to be considered in sentencing decision.* The following factors, or the converse thereof where appropriate, while not controlling the discretion of the court, shall be accorded weight in making determinations regarding the desirability of sentencing an offender to imprisonment:

  *   *   *   *   *   *

"4. There were substantial grounds which, though insufficient to establish a legal defense, tend to excuse or justify the defendant's conduct."

Sisson contends that, at sentencing, an expert could have supported his allegation that Siegelin had abused him over the years, thereby excusing or justifying his conduct. Sisson did not, however, present these theories to the trial court in his motion for expert assistance. Sisson's motion and supporting brief provided no background facts or information showing relevance or need for the expert's assistance.

[¶ 12] Discussing a defendant's request for assistance of a mental health professional for sentencing, the court in *Hoverter v. Commonwealth,* 23 Va.App. 454, 477 S.E.2d 771, 776–777 (1996), explained the showing required before assistance is warranted:

"Whether to provide a defendant expert assistance at state expense lies within the sound discretion of the trial court, and the burden is on the defendant to show that this discretion has been abused.... An indigent defendant's constitutional right to the appointment of an expert at state expense is not absolute. Rather, 'an indigent defendant who seeks appointment of an expert witness, at the Commonwealth's expense, must demonstrate that the subject which necessitates the assistance of the expert is "likely to be a significant factor in his defense," and that he will be prejudiced by the lack of expert assistance.' *Husske v. Commonwealth,* 252 Va. 203, 211, 476 S.E.2d 920, 925 (1996) (quoting *Ake v. Oklahoma,* 470 U.S. 68, 82–83, 105 S.Ct. 1087, 1096, 84 L.Ed.2d 53 (1985)). Hoverter was required to show a particularized need for the requested services and that he would be prejudiced by the lack of expert assistance.... He failed to do so.

"Hoverter alleged no existing mental illness. He demonstrated no way that the services of an expert might constitute a significant factor in his defense. He showed no prejudice resulting from the non-appointment of an expert, nor did he explain why the detailed presentence investigation would not sufficiently reflect any 'mitigation evidence.'

"At most, we surmise, Hoverter hoped that a psychological examination would support a decision for leniency at the sentencing hearing. However, a mere hope or suspicion that favorable evidence may result from an expert's services does not create a constitutional mandate.... Accordingly, we hold that the trial court did not abuse its discretion in denying the motion." [Citations omitted].

[¶ 13] Sisson failed to show a "particularized need" for the requested expert assistance. His motion provided no detailed information to suggest the request was anything more than a fishing expedition. Nor has he demonstrated that he was unable to present his mitigation theories through the presentence investigation, his testimony at sentencing, and counsel's argument at sentencing. Under these circumstances, we conclude the court did not err in denying Sisson's motion for expert assistance at sentencing.

[¶ 14] Sisson also asserts the trial court erred in denying his motion to withdraw his guilty plea. Rule 32(d)(3), N.D.R.Crim.P., sets out the relevant standard for withdrawal of a guilty plea after it has been accepted but before sentencing:

"In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw a plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

[¶ 15] After a plea has been accepted, we review the court's denial of a motion to withdraw the guilty plea under an abuse of discretion standard. *State v. Klein*, 1997 ND 25, 560 N.W.2d 198.

[¶ 16] Sisson argues the court abused its discretion in denying his motion to withdraw his guilty plea, asserting the facts demonstrate a "fair and just reason" in this case. He relies upon our statement in *Klein* that Rule 32(d), N.D.R.Crim.P., must be liberally construed in the defendant's favor and leave to withdraw a plea prior to sentencing should be freely granted. He concludes: "Accordingly, what could be more 'fair and just' then [sic] allowing Sisson to have his day in court for trial before his peers on the merits."

[¶ 17] Although we have indicated a preference to liberally allow withdrawal of pleas prior to sentencing, the Rule is not as broad as Sisson asserts. The Rule is not wholly standardless, and does not allow withdrawal as a matter of right after the plea has been accepted. In *United States v. Hyde*, — U.S. —, —, 117 S.Ct. 1630, 1634, 137 L.Ed.2d 935 (1997), the United States Supreme Court addressed this issue under the similar "fair and just reason" provision in Rule 32(e), F.R.Crim.P.:

Not only is the Court of Appeals' holding contradicted by the very language of the Rules, it also debases the judicial proceeding at which a defendant pleads and the court accepts his plea. After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea, the Court of Appeals would allow the defendant to withdraw his guilty plea simply on a lark. The Advisory Committee, in adding the 'fair and just reason' standard to Rule 32(e) in 1983, explained why this cannot be so:

" 'Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely "tentative," subject to withdrawal before sentence whenever the government cannot establish prejudice. "Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a 'grave and solemn act,' which is 'accepted only with care and discernment.' " ' " Advisory Committee Notes on Fed. Rule Crim. Proc. 32, 18 U.S.C.App., p. 794 (quoting *United States v. Barker*, 514 F.2d 208, 221 (C.A.D.C.1975) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970))).

"We think the Court of Appeals' holding would degrade the otherwise serious act of

pleading guilty into something akin to a move in a game of chess."

[¶ 18] In *Klein,* 1997 ND 25, ¶ 20 n. 1, 560 N.W.2d at 202 n. 1, we recognized that, in the situation presented in this case, there is no right to withdraw a plea:

"We do not suggest, when there is a binding plea agreement, a defendant can always withdraw a plea before sentencing. For example, there would be no withdrawal as a matter of right if the court accepted a binding plea agreement and the plea, and ordered a presentence investigation report to help determine what sentence would be imposed within the range permitted under the agreement."

[¶ 19] In support of his assertion of a "fair and just reason" to withdraw his plea, Sisson reiterates his arguments regarding failure to provide him with expert assistance at sentencing. Sisson argues he might have been convicted of the lesser class A felony offense had he gone to trial, and an expert at sentencing might have supported his argument that he acted under "extreme emotional disturbance." These arguments amount to no more than a reassessment of tactics after the plea had been accepted. Sisson's decision to plead guilty to class AA murder, rather than go to trial and try to convince a jury he was guilty of a lesser crime, was a voluntary and intelligent choice among alternative available courses of action. See *State v. Hobus,* 535 N.W.2d 728 (N.D.1995). He thereby avoided the uncertainties of a trial and enjoyed the benefit of a capped sentence and dismissal of the conspiracy charge. *Id.*

[¶ 20] The trial court determined there was no "fair and just reason" warranting withdrawal of Sisson's plea. We conclude the court did not abuse its discretion in denying the motion.

[¶ 21] We have considered other issues raised by Sisson and find them to be without merit. The judgment of conviction is affirmed.

[¶ 22] MESCHKE, MARING, NEUMANN and SANDSTROM, JJ., concur.

