2008 ND 89

Interest of I.B.A. and C.B.A.,
Minor Children.

Wanda Larson, Dickey County Director
of Social Services, Petitioner and
Appellee

v.

I.B.A., C.B.A., T.B., mother,
Respondents

and

A.A. father, Respondent and Appellant.

Interest of I.B.A. and C.B.A.,
Minor Children.

Wanda Larson, Dickey County Director
of Social Services, Petitioner and
Appellee

v.

I.B.A., C.B.A., T.B., Mother, and
A.A., father, Respondents.

T.B., Mother, Respondent
and Appellant.

Nos. 20070328, 20070334.

Supreme Court of North Dakota.

May 15, 2008.

Gary D. Neuharth, State's Attorney, Oakes, ND, for petitioner and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for respondent and appellant T.B.

Kent M. Morrow, Bismarck, ND, for respondent and appellant A.A.

VANDE WALLE, Chief Justice.

[¶ 1]   T.B. and A.A., mother and father respectively, appealed from a juvenile court order, and therefore the judgment, terminating their parental rights to their minor children.  We reverse and remand for further proceedings in accordance with this opinion.

I.

[¶ 2]   T.B. and A.A. had two children together, I.B.A. and C.B.A. In April 2007, Dickey County Social Services ("Social Services") filed a summons and petition in the juvenile court requesting termination of T.B. and A.A.'s parental rights.  A hearing was held on September 10, 2007.

[¶ 3]   At the hearing, A.A. requested a continuance due to the death of his mother.  The juvenile court denied the request, noting three prior continuances.  A.A. was not present at the hearing, although he was in contact via telephone throughout the hearing and was represented by counsel who was present at the hearing.  T.B.'s counsel requested a continuance and requested to withdraw as counsel for T.B because he had been unable to reach T.B. either by mail or by telephone.  T.B.'s counsel had been informed by Social Services that T.B. was in prison, but did not contact her at the South Dakota State Penitentiary.  The juvenile court denied the request for a continuance but granted the motion to withdraw, despite Social Service's request that T.B.'s counsel continue to represent her in the proceedings.

[¶ 4]   The hearing lasted from September 10 to September 11, 2007, and was continued on October 12, 2007.  Following the hearing, the juvenile court issued its findings of fact and order terminating parental rights.

[¶ 5]   The juvenile court found the children deprived due to continuing domestic violence between their parents, continued drug and alcohol use by their parents, educational neglect by their parents, medical neglect and poor nutrition, lack of sta-

bility and consistency in day-to-day affairs, and their mother's incarceration. The juvenile court also found that reasonable efforts were made to eliminate the need for the children's removal and to reunite the children with their family; that the causes and conditions of the deprivation are likely to continue or will not be remedied; that the children are suffering or will suffer serious physical, mental, moral or emotional harm; and that the children had been in foster care for 22 months.

[¶ 6] The court concluded neither parent was able to meet the needs of their children and it was in the best interests of the children that T.B. and A.A.'s parental rights be terminated.

## II.

[¶ 7] T.B. argues the juvenile court erred by allowing her attorney to withdraw as counsel.

[¶ 8] We have recognized that parents have a fundamental natural right to their children, which is of constitutional dimension, but that right is not absolute nor unconditional. *Interest of J.C.*, 2007 ND 111, ¶ 12, 736 N.W.2d 451. Parents do not have a constitutional due process right to appear at proceedings to terminate their parental rights, and their due process rights are satisfied if they are represented by counsel and have an opportunity to appear by deposition or other discovery technique. *Id.* If the trial court determines that the party is indigent, the court must appoint counsel to represent that person, unless the right is waived. *In re Adoption of S.A.L.*, 2002 ND 178, ¶ 15, 652 N.W.2d 912.

[¶ 9] We have noted that waiver of counsel in criminal cases provides guidance in evaluating the validity of a waiver in a parental rights termination proceeding. *Id.* at ¶ 16. In comparing parental termination cases to criminal cases, this Court

has noted that the serious threat to a fundamental interest of a parent is not so different from the serious threat to the physical liberty of a criminal defendant. *Id.* Regarding waiver of counsel, this Court stated:

> [D]efendants who represent themselves must voluntarily, knowingly, and intelligently relinquish the benefits of counsel. Whether a defendant's waiver of the right to counsel was knowing and intelligent depends on the facts and circumstances of each case. To intelligently and knowingly choose self-representation, a defendant should be aware of the dangers and disadvantages of proceeding without the skill and experience of counsel. The record must establish that the choice was made "with eyes open."

*Id.* at ¶ 17 (citations omitted).

[¶ 10] Whether or not to grant a motion to withdraw as counsel is within the discretion of the trial court and granting of a motion to withdraw is not an abuse of discretion if there is a showing of good cause for the withdrawal. *See State v. Klein*, 1997 ND 25, ¶ 22, 560 N.W.2d 198 (holding an abuse of discretion standard applies to trial court decisions regarding substitution of appointed counsel). T.B.'s counsel made a verbal motion to withdraw from the case due to his inability to make contact with T.B. Social Services had informed counsel for T.B. that she had been imprisoned but he did not attempt to contact her at the jail. Even assuming the inability to make contact with T.B., the juvenile court gave no other basis for releasing T.B.'s counsel immediately prior to the hearing. As Social Services pointed out at the hearing, T.B.'s counsel had legal and actual knowledge of the case and could have represented T.B. despite not having made contact with T.B. T.B.'s counsel did not deny having enough knowledge to rep-

resent T.B. at the hearing. The juvenile court abused its discretion in granting the motion to withdraw and allowing the hearing to proceed without any representation for T.B.

[¶ 11] While there is no constitutional right to appear at the hearing, this Court clearly stated in *Interest of J.C.* that a parent must be represented by counsel at a hearing to terminate parental rights, absent a valid waiver of counsel. Social Services contends that T.B. waived her right to counsel but the record does not reflect any conduct which amounts to a valid, functional waiver of counsel.

[¶ 12] Further, a motion to withdraw must be in writing and state the last known address of the party represented. N.D.R.Ct. 11.2(b). Notice of a motion to withdraw must be given by personal service, by registered or certified mail, or via a third-party commercial carrier providing a traceable delivery, directed to the party at the party's last known business or residence address. N.D.R.Ct. 11.2(a). Neither of these requirements were met in this case by counsel for T.B.

[¶ 13] We remand for another hearing at which T.B. has counsel present or the record reflects a valid waiver of counsel and T.B. is present. Because we remand for further proceedings in accordance with this opinion, we need not address whether T.B. was properly served with a notice rescheduling the termination hearing or whether the juvenile court erred in denying her motion to supplement the record.

### III.

[¶ 14] A.A. argues the juvenile court erred in finding clear and convincing evidence that his parental rights should be terminated.

[¶ 15] To terminate parental rights, the petitioner must prove the child is deprived; the conditions and causes of the deprivation are likely to continue or will not be remedied; and the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm. N.D.C.C. § 27–20–44(1)(c)(1). The party seeking parental termination must prove all elements by clear and convincing evidence. *Interest of T.A.*, 2006 ND 210, ¶ 10, 722 N.W.2d 548. Clear and convincing evidence means evidence that leads to a firm belief or conviction the allegations are true. *Id.* Findings of fact by a juvenile court are not overturned unless clearly erroneous. N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made. *Interest of T.A.*, at ¶ 11. Under N.D.R.Civ.P. 52(a), due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

[¶ 16] The juvenile court's findings of fact make several references to "their parents" in its analysis of whether the children are deprived and whether deprivation is likely to continue. Because the juvenile court failed to delineate which findings of fact applied to the father and which applied to the mother, we cannot discern whether there was clear and convincing evidence that A.A.'s parental rights should be terminated. In some instances one parent may have his or her parental rights terminated while the other parent's parental rights are not terminated. The juvenile court should have made in-depth individual findings regarding each parent, rather than combining T.B. and A.A. together in its analysis of whether the children are deprived and whether deprivation is likely to continue. The facts necessary to terminate the parental rights of a parent are unique to each parent. Although

some facts and the findings of those facts may apply to both parents, this is not evident in several of the findings. Furthermore, to the extent there are findings which might implicate both parents, T.B. was not present and was not represented by counsel and therefore had no opportunity to refute the evidence upon which those findings were based.

[¶ 17] We remand for a new hearing regarding whether there is clear and convincing evidence to terminate A.A.'s parental rights. Because we remand for a new hearing, we need not address whether the juvenile court erred in refusing to grant A.A. a continuance due to the death of his mother.

### IV.

[¶ 18] We reverse and remand for further proceedings in accordance with this opinion. We order the mandate be issued forthwith. We direct the juvenile court to hold a hearing within 45 days after the mandate is issued in this case and further direct that the juvenile court not grant any continuances or withdrawals by counsel for either party. The length of time children are in foster care is of great concern. *See* N.D.C.C. § 27–20–36; *In re K.S.*, 2002 ND 164, ¶ 23, 652 N.W.2d 341. Here, due to the length of time that has passed since the March 2006 order adjudicating the children as deprived and the length of time the children have been in foster care, we request the juvenile court to issue its decision as expeditiously as possible following the hearing on remand.

[¶ 19] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.