# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 43

In the Interest of A.P., a Child

State of North Dakota,                                      Petitioner and Appellee

v.

A.P., child, S.A.M., mother                                          Respondents

and

J.C.P., father,                                      Respondent and Appellant

## No. 20230404

Appeal from the Juvenile Court of Cass County, East Central Judicial District, the Honorable Daniel E. Gast, Judicial Referee.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Diane K. Davies-Luger, Assistant State's Attorney, Fargo, N.D., for petitioner and appellee; submitted on brief.

Justin M. Balzer, Bismarck, N.D., for respondent and appellant; submitted on brief.

**Tufte, Justice.**

[¶1]   J.C.P. appeals from a juvenile court order terminating his parental rights. He argues the juvenile court abused its discretion by taking judicial notice of the affidavit underlying the petition without receiving testimony or other evidence in support of termination. Therefore, he argues, the juvenile court's findings are clearly erroneous because they are not supported by evidence in the record. We reverse the juvenile court order terminating parental rights and remand for further proceedings.

I

[¶2]   J.C.P. is the father of A.P. A.P. was placed in protective custody in September 2021, and adjudicated in need of protection in January 2022. During two review proceedings, both parents were in default, and the court extended protective custody an additional nine months. A petition for termination of parental rights was filed in June 2023.

[¶3]   Status conferences were held on July 11, 2023, September 5, 2023, October 3, 2023, and October 31, 2023. The mother did not appear at any of these hearings. J.C.P. appeared at each hearing, except the status conference on October 31, 2023.

[¶4]   At the status conference on October 31, 2023, the State moved for default against J.C.P. The case manager testified in support of the motion for default, affirming the information in her affidavit in support of the petition for termination as true and correct. The juvenile court found J.C.P. in default, incorporated the affidavit of the case manager into his findings, and terminated the parental rights of both parents. The court agreed to receive the testimony of the qualified expert witness by affidavit after the hearing. After receiving the affidavit of the qualified expert witness, the court filed its order terminating parental rights. J.C.P. appeals.

## II

[¶5] As a preliminary matter, we must address whether the appeal was timely. "This Court lacks jurisdiction to consider an appeal filed more than 30 days following entry of an order terminating parental rights." *Interest of C.A.S.,* 2023 ND 122, ¶ 3, 993 N.W.2d 347 (cleaned up).

[¶6] Under N.D.R.App.P. 2.2(a), an appeal from a decision terminating parental rights must be taken by filing a notice of an expedited appeal with the clerk of the supreme court within 30 days after entry of the order. Extensions cannot be granted in a termination of parental rights appeal. N.D.R.App.P. 26(b); *Interest of T.S.C.,* 2018 ND 76, ¶¶ 6-8, 908 N.W.2d 754. In this case, the deadline to file a notice of appeal was December 20, 2023. The notice of appeal was filed on December 21, 2023, and thus was not timely to commence this appeal.

[¶7] However, J.C.P. filed his appellant's brief on December 20, 2023. We consider whether the brief, which was timely filed, satisfies the requirements for a notice of an appeal under N.D.R.App.P. 2.2. "The notice of appeal must: (1) specify the party or parties taking the appeal; (2) designate the order being appealed; (3) name the court to which the appeal is taken; and (4) indicate that an expedited appeal is requested." N.D.R.App.P. 2.2(b).

[¶8] The appellant's brief states J.C.P. is appealing a juvenile court order terminating his parental rights entered on November 20, 2023. The first page of the brief indicates it was prepared for filing "in the Supreme Court of the State of North Dakota." Because appeals from orders terminating parental rights are necessarily expedited, we consider the indication that the appeal is from such an order to satisfy Rule 2.2(b)(4), N.D.R.App.P. *See* N.D.R.App.P. 2 (permitting the Court on its own motion to suspend any provision of these rules except the time to file a notice of appeal). The appellant's brief satisfies the requirements of a notice of appeal and thus timely commenced this appeal.

[¶9] We have jurisdiction to consider the appeal.

## III

[¶10] J.C.P. argues the juvenile court's findings on termination of his parental rights are clearly erroneous because they are not supported by evidence in the record.

[¶11] Section 27-20.3-20, N.D.C.C., authorizes a juvenile court to terminate parental rights:

> 1. The court by order may terminate the parental rights of a parent with respect to the parent's child if:
>    a. The parent has abandoned the child;
>    b. The child is subjected to aggravated circumstances;
>    c. The child is in need of protection and the court finds:
>       (1) The conditions and causes of the need for protection are likely to continue or will not be remedied and for that reason the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm; or
>       (2) The child has been in foster care, in the care, custody, and control of the department or human service zone for at least four hundred fifty out of the previous six hundred sixty nights;
>    . . . .

N.D.C.C. § 27-20.3-20(1).

[¶12] The party seeking termination of parental rights "must prove all elements by clear and convincing evidence." *Interest of I.B.A.*, 2008 ND 89, ¶ 15, 748 N.W.2d 688. "Clear and convincing evidence is 'evidence that leads to a firm belief or conviction the allegations are true.'" *Interest of M.R.*, 2015 ND 233, ¶ 6, 870 N.W.2d 175 (quoting *Interest of T.A.*, 2006 ND 210, ¶ 10, 722 N.W.2d 548). "A court's decision to terminate an individual's parental rights is a question of fact, and that decision will not be overturned unless it is clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, no evidence exists to support it, or if it is clear a mistake has been made." *Id.* (citations omitted).

[¶13] J.C.P. argues the district court abused its discretion by taking judicial notice of, and relying on, the affidavit of the case manager. The court also took judicial notice of, and relied on, the affidavit of the qualified expert witness.

[¶14] At a status conference, after hearing testimony on the issue of default, the juvenile court immediately entertained and ruled on the petition to terminate parental rights solely on the basis of the case manager's testimony that merely affirmed the content of her affidavit as true and accurate. Thereafter, the juvenile court's findings adopted much of the case manager's assertions from her affidavit as its findings of facts. The findings specifically cite: "Further facts as set forth in the Affidavit of Megan Dahl, dated June 19, 2023, which is on file herein" and "The Affidavit of Megan Dahl, L.B.S.W., dated June 19, 2023, is on file herein, and is incorporated into this Order by reference." The findings also state the qualified expert witness "provided testimony via Affidavit on file herein and therefore, the Court having considered the testimony provided, makes this Order final."

[¶15] "[D]ue process and notice requirements prohibit a juvenile court from taking judicial notice of testimony in proceedings where termination is not an issue, but where termination is a culmination of prior proceedings the court . . . may take judicial notice of orders in prior proceedings." *Interest of J.C.*, 2007 ND 111, ¶ 9, 736 N.W.2d 451. However, "[t]he court may only take judicial notice of the evidence as presented, and not for the truth of the matters asserted by the evidence." *Wessman v. Wessman*, 2008 ND 62, ¶ 19, 747 N.W.2d 85 (quoting *State v. Bergstrom*, 2006 ND 45, ¶ 18, 710 N.W.2d 407). In *Interest of J.C.,* 2024 ND 9, ¶ 11, we explained, "Although the court was allowed to consider the orders in the permanency proceedings, it could not consider testimony, *including statements in affidavits*, from the permanency proceedings." (Emphasis added.)

[¶16] The juvenile court relied on the case manager's affidavit in its findings, incorporated it by reference, and specifically quoted the assertions in the affidavit as its findings of fact. At the hearing, the case manager testified, but

only to affirm her affidavit as true and accurate. She did not testify to the facts underlying her affidavit. Nor did the State offer the affidavit into evidence.

[¶17] "An affidavit filed in a case is part of the court's file or record. However, generally an affidavit only becomes part of the evidentiary record when a party offers it and the court receives it into evidence." *Interest of J.C.,* 2024 ND 9, ¶ 13. "[T]here is a distinction between the court file or record and the evidentiary record. Generally, a document in the court file is not part of the evidentiary record unless a party offers the document and the court receives it." *Id.* at ¶ 15. Therefore, the court abused its discretion by relying on an affidavit the State never offered and the court never received into evidence. *See id.*; *see also Interest of Skorick*, 2020 ND 162, ¶ 10, 946 N.W.2d 513 (the court abused its discretion when it considered an expert report the State did not offer into evidence at the commitment hearing); *Wetzel v. Schlenvogt*, 2005 ND 190, ¶ 23, 705 N.W.2d 836 (petitions for protective orders and affidavits are inadmissible hearsay under N.D.R.Ev. 801(c)).

[¶18] The juvenile court also treated the qualified expert witness's affidavit as testimony. "One of the fundamental precepts of our judicial system is that the finder of fact must rely only on the evidence presented in court." *Green v. Green*, 1999 ND 86, ¶ 10, 593 N.W.2d 398 (holding the court committed reversible error when it relied on evidentiary facts in a guardian ad litem's report not introduced into evidence); *see also Interest of J.C.*, 2024 ND 9, ¶ 16. The State never offered and the court never received the qualified expert witness's affidavit into evidence. The State provides no authority for substituting an affidavit for testimony.

[¶19] The juvenile court found the Indian Child Welfare Act applies to this case. *See* N.D.C.C. ch. 27-19.1. The court explained:

> The Indian Child Welfare Act, 25 U.S.C. § 1902 (et seq.) does apply to this child because the child is an "Indian Child" as defined by the Act, as there is Native American heritage through the Turtle Mountain Band of Chippewa and the Leech Lake Band of Ojibwe. Leech Lake has indicated the child is enrollable with that Tribe through her mother.

[¶20] The Indian Child Welfare Act requires specific findings:

> The court may order the termination of parental rights over the Indian child only if the court determines, by evidence beyond a reasonable doubt that continued custody of the Indian child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the Indian child.

N.D.C.C. § 27-19.1-01(4). The juvenile court did not comply with N.D.C.C. § 27-19.1-01(4) by making these findings. Under N.D.C.C. § 27-19.1-01(5), the juvenile court is required to consult a qualified witness for these findings:

> In considering whether to involuntarily place an Indian child in foster care or to terminate the parental rights of the parent of an Indian child, the court shall require that a qualified expert witness must be qualified to testify regarding whether the Indian child's continued custody by the parent or Indian custodian is likely to result in serious emotional or physical damage to the Indian child and should be qualified to testify as to the prevailing social and cultural standards of the Indian child's tribe. An individual may be designated by the Indian child's tribe as being qualified to testify to the prevailing social and cultural standards of the Indian child's tribe. If the parties stipulate in writing and the court is satisfied the stipulation is made knowingly, intelligently, and voluntarily, the court may accept a declaration or affidavit from a qualified expert witness in lieu of testimony.

[¶21] The parties did not stipulate to "accept a declaration or affidavit from a qualified expert witness in lieu of testimony." *Id.* The juvenile court did not comply with N.D.C.C. § 27-19.1-01(5). Without the necessary testimony from a qualified expert witness, the juvenile court order remains open to collateral attack, and the stability and certainty for the child is undermined. *Interest of K.S.D.*, 2017 ND 289, ¶ 28, 904 N.W.2d 479. The court abused its discretion by relying on an affidavit the State never offered and the court never received into evidence, and by accepting the qualified expert witness's affidavit in lieu of testimony.

[¶22] The juvenile court abused its discretion by taking judicial notice of the affidavits in the record and considering them as part of the evidentiary record.

No evidentiary basis for termination of parental rights was presented to the juvenile court. The court's findings on termination are clearly erroneous because the findings are not supported by evidence in the record.

V

[¶23] To the extent J.C.P. argues the district court also erred by entering default judgment under these circumstances, the issue is inadequately briefed and unnecessary to our decision. We reverse the juvenile court order terminating parental rights and remand for further proceedings.

[¶24] Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr