# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 179

In the Interest of J.R., a child

| | |
|---|---|
| Buffalo Bridges Human Service Zone, | Petitioner and Appellee |
| v. | |
| J.R., a child; M.R., father, | Respondents |
| and | |
| F.F., mother, | Respondent and Appellant |

### No. 20240207

In the Interest of T.R., a child

| | |
|---|---|
| Buffalo Bridges Human Service Zone, | Petitioner and Appellee |
| v. | |
| T.R., a child; M.R., father, | Respondents |
| and | |
| F.F., mother, | Respondent and Appellant |

### No. 20240208

Appeal from the Juvenile Court of Barnes County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

AFFIRMED.

Per Curiam.

Tonya Duffy, Barnes County State's Attorney, Valley City, ND, for petitioner and appellee; on brief.

Jodi L. Colling, Bismarck, ND, for respondent and appellant; on brief.

**Interest of J.R. and T.R.**
**Nos. 20240207 & 20240208**

**Per Curiam.**

[¶1]   F.F., the mother, appeals from a juvenile court order terminating her parental rights to the minor children J.R. and T.R. She argues the court erred in finding the children were in need of protection, and that the causes and conditions of the need for protection are likely to continue. F.F. does not challenge the court's finding the children spent over 450 of the last 660 nights in the care, control, and custody of the human service zone.

[¶2]   The juvenile court found the children spent over 450 of the last 660 nights in the care, control, and custody of the human service zone and are in need of protection. We conclude the court's findings are not clearly erroneous and the court did not abuse its discretion by terminating F.F.'s parental rights. *See In re A.P.*, 2024 ND 43, ¶ 12, 4 N.W.3d 232 (stating the clearly erroneous standard of review applies to factual findings made in a termination of parental rights proceeding); *In re J.C.*, 2024 ND 9, ¶ 22, 2 N.W.3d 228 (stating the decision whether to terminate parental rights is left to the court's discretion when the statutory requirements are met). We need not address F.F.'s challenge to the court's other findings. *See* N.D.C.C. § 27-20.3-20(1)(c)(2); *In re R.L.-P.*, 2014 ND 28, ¶ 23, 842 N.W.2d 889 ("Because a finding that the children have been in foster care more than 450 out of the previous 660 nights, along with a finding of deprivation [now, the children are 'in need of protection'], is sufficient to terminate parental rights under N.D.C.C. § 27-20-44(1)(c) [now N.D.C.C. § 27-20.3-20(1)(c)], it is unnecessary to address the parents' challenge to the finding that the conditions and causes of the deprivation will likely continue."). We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr