# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 42

In the Interest of S.F., a child

| | |
|---|---|
| Buffalo Bridges Human Service Zone, | Petitioner and Appellee |
| v. | |
| S.F., a child; | Respondent |
| and | |
| O.J.-G., father, and F.F., mother, | Respondents and Appellants |

## No. 20240337

Appeal from the Juvenile Court of Barnes County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

AFFIRMED.

Per Curiam.

Tonya Duffy, State's Attorney, Valley City, ND, for petitioner and appellee; on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for respondent and appellant O.J.-G.; on brief.

Jodi L. Colling, Bismarck, ND, for respondent and appellant F.F.; on brief.

**Per Curiam.**

[¶1]   F.F., the mother, appeals from a juvenile court order terminating her parental rights to S.F., the minor child. She argues the court erred in finding the causes and conditions of the deprivation are likely to continue if S.F. is returned to her care and erred in granting the State's petition to terminate her parental rights. O.J.-G., the father, appeals from a subsequent order terminating his parental rights to S.F. He argues the court erred in finding the causes and conditions of the deprivation are likely to continue if S.F. is in his care and erred by creating an undue delay from the initial appearance to the termination hearing violating N.D.R.Juv.P. 2. Neither party challenges the court's finding S.F. spent over 450 of the last 660 nights in the care, control, and custody of the human service zone.

[¶2]   The juvenile court found S.F. spent over 450 of the last 660 nights in the care, control, and custody of the human service zone and is in need of protection. We conclude the court's findings are not clearly erroneous and the court did not abuse its discretion by terminating F.F.'s and O.J.-G.'s parental rights to S.F. *See In re A.P.*, 2024 ND 43, ¶ 12, 4 N.W.3d 232 (clearly erroneous standard of review applies to factual findings in a parental rights termination proceeding); *In re J.C.*, 2024 ND 9, ¶ 22, 2 N.W.3d 228 (decision to terminate parental rights is left to the court's discretion when the statutory requirements are met). We need not address F.F.'s and O.J.-G.'s challenges to the juvenile court's other findings. *See* N.D.C.C. § 27-20.3-20(1)(c)(2); *In re R.L.-P.*, 2014 ND 28, ¶ 23, 842 N.W.2d 889 ("Because a finding that the children have been in foster care more than 450 out of the previous 660 nights, along with a finding of deprivation [now, the children are 'in need of protection'], is sufficient to terminate parental rights under N.D.C.C. § 27-20-44(1)(c) [now N.D.C.C. § 27-20.3-20(1)(c)], it is unnecessary to address the parents' challenge to the finding that the conditions and causes of the deprivation will likely continue."). Further, O.J.-G. failed on appeal to identify where he raised to the juvenile court the issue of "undue delay" violating N.D.R.Juv.P. 2.

1

[¶3]   We summarily affirm under N.D.R.App.P. 35.1(a)(2), (4), and (7). *S.H.B. v. T.A.H.*, 2010 ND 149, ¶ 12, 786 N.W.2d 706 ("An issue or contention not raised or considered in the lower court cannot be raised for the first time on appeal. If a party fails to properly raise an issue or argument before the trial court, the party is precluded from raising that issue or argument on appeal." (citations omitted)).

[¶4]   Jon J. Jensen, C.J.
          Daniel J. Crothers
          Lisa Fair McEvers
          Jerod E. Tufte
          Douglas A. Bahr