# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 214

Interest of G.S., Minor Child

State of North Dakota,                                    Petitioner and Appellee

    v.

G.S., a child; C.C-S., mother,                                    Respondents

    and

J.S., father,                                    Respondent and Appellant

### No. 20250394

Interest of A.S., Minor Child

State of North Dakota,                                    Petitioner and Appellee

    v.

A.S., a child; C.C-S., mother,                                    Respondents

    and

J.S., father,                                    Respondent and Appellant

### No. 20250395

Appeals from the Juvenile Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

AFFIRMED.

Per Curiam.

Rebecca L. Altman, Assistant State's Attorney, Fargo, N.D., for petitioner and appellee; on brief.

Kiara C. Kraus-Parr, Grand Forks, N.D., for respondent and appellant; on brief.

**Interest of G.S. and A.S.**
**Nos. 20250394 & 20250395**

**Per Curiam.**

[¶1]   J.S., the father, appeals from a juvenile court order terminating his parental rights to the minor children G.S. and A.S. He argues the court erred in finding the children were subjected to aggravated circumstances, the children were in need of protection, and the causes and conditions of the need for protection are likely to continue. J.S. does not challenge the court's finding the children spent at least 450 of the last 660 nights in the care, control, and custody of the human service zone.

[¶2]   The juvenile court found the children spent at least 450 of the last 660 nights in the care, control, and custody of the human service zone and are in need of protection. We conclude the court's findings are not clearly erroneous and the court did not abuse its discretion by terminating J.S.'s parental rights. *See In re A.P.*, 2024 ND 43, ¶ 12, 4 N.W.3d 232 (stating the clearly erroneous standard of review applies to findings of fact made in a termination of parental rights proceeding); *In re J.C.*, 2024 ND 9, ¶ 22, 2 N.W.3d 228 (stating the decision whether to terminate parental rights is left to the court's discretion when the statutory elements are met). We need not address J.S.'s challenge to the court's other findings. *See* N.D.C.C. § 27-20.3-20(1)(c)(2); *In re R.L.-P.*, 2014 ND 28, ¶ 23, 842 N.W.2d 889 ("Because a finding that the children have been in foster care more than 450 out of the previous 660 nights, along with a finding of deprivation [now, the children are 'in need of protection'], is sufficient to terminate parental rights under N.D.C.C. § 27-20-44(1)(c) [now N.D.C.C. § 27-20.3-20(1)(c)], it is unnecessary to address the parents' challenge to the finding that the conditions and causes of the deprivation will likely continue."). We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr