# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2026 ND 21

S.L.W., birthmother, and J.M.P.,                    Petitioners and Appellants

    v.

C.M.T., birthfather,                                Respondent and Appellee

    and

North Dakota Department of
Health and Human Services                           Respondent

### No. 20250390

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

AFFIRMED.

Per Curiam.

Quinn A. Harmon, Bismarck, ND, for petitioners and appellants.

Mark C. Sherer, Dickinson, ND, for respondent and appellee.

# Adoption of M.L.P.
## No. 20250390

**Per Curiam.**

[¶1]   S.L.W. and J.M.P. appeal from an order denying their petition to terminate C.M.T.'s parental rights and to allow J.M.P. to adopt M.L.T. They argue the district court erred in concluding they failed to prove the statutory grounds for termination.

[¶2]   Although parents have a fundamental constitutional right to raise their children, that right is not absolute or unconditional. *Int. of B.F.*, 2025 ND 127, ¶ 30, 23 N.W.3d 718. A parent's rights, including the right to withhold consent to an adoption, may be terminated only in circumstances provided by law. Under N.D.C.C. § 14-15-19(3), a parent-child relationship may be terminated in connection with an adoption upon proof of abandonment; proof that, due to misconduct, faults, habits, neglect, or incapacity, the child is without proper parental care and is suffering or likely to suffer serious harm; or proof that a noncustodial parent is unreasonably withholding consent to adoption contrary to the child's best interests.

[¶3]   The party seeking termination of parental rights bears the burden of proving all statutory elements by clear and convincing evidence. *Int. of B.F.*, 2025 ND 127, ¶ 11. "Clear and convincing evidence is evidence that leads to a firm belief or conviction the allegations are true." *Id.* (quoting *In re A.P.*, 2024 ND 43, ¶ 12, 4 N.W.3d 232). Whether the statutory grounds for termination are met is a question of fact, and a district court's findings will not be reversed unless clearly erroneous. *Id.* ¶ 12. Even when statutory grounds are established, termination of parental rights remains discretionary. *Int. of J.C.*, 2024 ND 9, ¶ 22, 2 N.W.3d 228.

[¶4]   The district court found S.L.W. and J.M.P. failed to prove the statutory grounds for termination by clear and convincing evidence. The court's findings are supported by clear and convincing evidence and are not clearly erroneous. We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶5]   Lisa Fair McEvers, C.J.
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Douglas A. Bahr