L. H. MILLER, George M. Miller, and A. S. Miller v. J. M. THOMPSON (Sole Appellant) and Devils Lake State Bank, a Corporation.

(152 N. W. 279.)

Opinion filed April 24, 1915.

Appeal from the District Court of Ramsey County, *C. W. Buttz,* J. Motion interposed by respondents to dismiss the appeal.
Motion denied.
*W. M. Anderson, Esq.,* Devils Lake, North Dakota, for the motion.
*Middaugh, Cuthbert, Smythe, & Hunt,* Devils Lake, North Dakota, *contra.*

PER CURIAM. Respondents have presented and argued a motion to dismiss this appeal. Two of the grounds specified in the motion were abandoned on argument, but the two remaining grounds are insisted upon. Respondent contends that appellant is precluded from appealing because he procured the order entered upon his own motion and accepted it, and availed of its benefits, and should be estopped from appealing from it, and not be allowed the inconsistent position of accepting its benefits, but appealing from the very order conferring the same.

The answer to this contention is that the defendant appealing has neither received nor accepted benefits. Trial was had as against two defendants, the Devils Lake State Bank, a corporation, and J. M. Thompson, with a verdict returned and judgment rendered thereon

against both. On a motion for new trial the judgment against the bank was set aside, and it was dismissed from the action, but it was ordered "that the said judgment stand against the defendant Thompson," and the motion for new trial as to him be denied. He appeals. He received no benefits from that order, unless it be said that the denial of a motion for new trial confers a benefit.

Respondents also contend that under Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276, failure to appeal from the order denying a new trial leaves that order *res judicata* as to all error that might be urged on an appeal from it. Conceding, without deciding, that appellant may be unable on this appeal to review such error as can be brought into the record only by the statement of the case and a motion for new trial based thereon, still this in no wise affects his right to appeal from the judgment, presenting for review all error appearing upon the judgment roll. Thus, the omission to appeal from the order denying a new trial can at the most affect only the scope of the review on appeal, but does not in any way affect the perfected appeal from the judgment roll. The motion to dismiss is therefore denied.

CHRISTIANSON, J., being disqualified, did not participate in the above matter.