### L. H. MILLER et al. v. J. M. THOMPSON.

(153 N. W. 390.)

**Trial court — order denying new trial — time of appeal — expiration — new
order after — no jurisdiction to make.**

1. A trial court has no jurisdiction after expiration of the statutory period
allowed for an appeal from an order denying a new trial, to make a second
order denying a new trial.

**Lapsed period — new order cannot be made to extend — original order
final.**

2. An attempted order so made cannot extend or revive the lapsed period
for appeal that had fully run against the original order denying a new trial,
and when that order had become final and conclusive.

**Second or new order — appeal from — not appealable order — dismissed on
motion.**

3. The appeal from the second order so made is not taken from an ap-
pealable order, and is on motion dismissed; but without prejudice to an
earlier appeal from the judgment.

Opinion filed June 15, 1915.

From the District Court of Ramsey County, *Buttz,* J.
Appeal dismissed.
*William Anderson,* of Devils Lake, for respondents.
*Middaugh, Cuthbert, Smythe, & Hunt,* of Devils Lake, for **appellant.**

Goss, J. This is the second opinion written in this case on matters of practice. The action was tried and July 7, 1914, judgment was entered against both appellant Thompson and a codefendant, the Devils Lake State Bank.

November 30th motion in the alternative was made by both said defendants for a vacation of the judgment or for a new trial. The trial court granted the motion as to the bank, and dismissed the action as to it. But as to defendant Thompson, both motions were denied by order of November 30th, directing that as to him "the judgment of July 7, 1914, stand."

On December 2, 1914, the sole remaining defendant and judgment debtor, Thompson, appealed from the judgment entered July 7, 1914, against him. He took no appeal from the order of November 30, denying him a new trial. On February 24, 1915, plaintiff and respondent on the appeal moved this court to dismiss that appeal on grounds which will be found discussed at length in the opinion filed April 24, 1915, in this entitled action, and reported in — N. D. —, 152 N. W. 279.

Pending decision on said motion to dismiss said appeal, and on March 17, 1915, in an attempt to remedy an apparent uncertainty in the order of November 30, the trial court entered a second order of the same legal effect as that of November 30th, reciting that the former order denying a new trial had not been entered or procured by Thompson's consent, and again denying him a new trial.

On May 7, an appeal was duly perfected from the order of March 17. Respondent has moved for a dismissal of this second appeal.

The fourth ground assigned on dismissal is well taken. It is urged that the order of November 30, denying Thompson a new trial, was an appealable order, from which within sixty days he should have appealed, and that by lapse of time without an appeal the order became final and conclusive, and rendered the trial court powerless to later, and after the expiration of the said sixty-day period for the appeal, amend it or make a subsequent order to the same effect from which an appeal might be taken. The attempted order of March 17 was a nullity as made without jurisdiction, and as such could confer no right of appeal therefrom, nor in any way extend the already lapsed period for appeal from the only appealable order, that of November 30. The attempted order made was not a correction of the previous

order. At the time when made the trial court was powerless to correct or amend it. The sixty-day limitation period of appeals from an order is analogous to statutory period for appeal from a judgment, and the reasoning in Grove .. Morris, ante, 8, 151 N. W. 779, and Higgins v. Rued, 30 N. D. 551, 153 N. W. 389, applies. This is so independent of the fact that the appeal first taken was from the judgment, and not from the order of November 30, denying a new trial. That defendant saw fit not to appeal from said order does not change the situation. For sixty days he had a right of appeal therefrom. In fact, at the time he appealed from the judgment on December 7th, he could have taken a joint appeal from both the judgment and order. Shockman v. Ruthruff, 28 N. D. 597, 149 N. W. 680, and cases there cited, including Kinney v. Brotherhood of American Yoemen, 15 N. D. 21, 106 N. W. 44, overruling earlier cases requiring separate appeals from a judgment and subsequent order directing a new trial. Whether the omission to appeal from said order will limit consideration of matters on the merits on the appeal as taken from the judgment will be determined when reached in that appeal. In passing it may be stated as an aid to briefing and presentation of that appeal from the judgment (that remains, notwithstanding dismissal of this second appeal) that, if it be true, as stated in the briefs on this motion, that this action is one properly triable in equity, but instead was tried to a jury as to issues of fact with the verdict returned under instructions given with the judgment subsequently entered, even though the jury findings were deemed merely advisory, nevertheless the appeal is a law appeal requiring specifications or error as in a law case; and the ordinary appeal in equity as upon a partial or entire demand for trial de novo in equity will not lie. Peckham v. Van Bergen, 8 N. D. 595, 80 N. W. 759; Merritt v. Adams County Land & Invest. Co. 29 N. D. 496, 151 N. W. 11; Thornhill v. Olson, ante, 81, 153 N. W. 442. And such a law appeal permits a review on appeal of errors of law only, and does not authorize a trial de novo in this court. It may also be observed that an omission to serve specifications of error with the notice of appeal, or insufficiency of specifications of error so served, presents no jurisdictional question. In other words, an appeal taken without service of specifications of error with the notice of appeal, nevertheless, is a valid appeal conferring jurisdiction thereby upon the

appellate court to permit the omission of specifications or their insufficiency, to be cured by the granting of leave to serve original or amended specifications of error after the appeal taken. Sec. 4, chap. 131, Laws 1913, is directory, not mandatory. Wilson v. Kryger, 26 N. D. 77, 51 L.R.A.(N.S.) 760, 143 N. W. 764, same case later in 29 N. D. 28, 149 N. W. 721. Thus, the second ground of the motion based upon absence of specifications of error was not well taken. This court may dismiss for absence or insufficiency of specifications; but is not required to dismiss as counsel assumes, as the appeal is valid without them. Nor was the first ground for dismissal of the appeal, urging that the second appeal could not stand because taken upon the same grounds as was the first, and in the same action, well taken. Had this been an appeal taken in time and from the order of November 30th, and otherwise regular, the two appeals could have been consolidated with the issues arising on them determined as one appeal. But as, for reasons stated, there was no valid second appeal, this court is without jurisdiction to do other than dismiss it. The appeal from the purported order of March 17, 1915, is ordered dismissed, but without prejudice to the appeal from the judgment.

CHRISTIANSON, J., being disqualified, did not participate.