SAMUEL DICKSON, by LeRoy S. Gilford, His Guardian ad Litem, Appellant, v. L. S. SALISBURY, Respondent.

(177 N. W. 377.)

**Judgment — entry of two judgments in same case — first judgment final — second judgment in same cause void.**

A verdict was directed for defendant. The trial court made an order for judgment, reciting the direction of the verdict, and ordering judgment for costs in favor of defendant. On November 21, 1918, judgment was entered in conformity with the order, and notice of entry thereof served. On May 7, 1919, a second order for judgment was signed and judgment entered thereon. The second order and judgment are like the first, except that they recite that the action is dismissed.

It is *held* that the first judgment was a final determination of the rights of the parties; that the entry of the second judgment was of no consequence, and that no rights were affected thereby.

Opinion filed December 5, 1919.

Appeal from the District Court of LaMoure County; Honorable *J. A. Coffey*, Judge.

Judgment reversed and canceled.

*James Manahan* and *Thomas & Sullivan*, for appellant.

An appeal lies only from a judgment duly entered. An appeal does not lie from a verdict of a jury. Clark v. Van Loon (Iowa) 79 N. W. 88.

Where no judgment was entered on the verdict of the jury, an appeal will not lie. Seven Valleys Book v. Smith (Neb.) 61 N. W. 603.

Unless allowed by express statutory provision, a writ of error or appeal will not lie from the verdict of a jury without an entry of judgment thereon. 3 C. J. 600.

This court has held that there can be no effective judgment in this state until it is entered in the judgment book. McTavish v. G. N. R. Co. 8 N. D. 337; 4 N. D. 119; 20 N. D. 195; 23 N. D. 457; 26 N. D. 283.

A final judgment does not become such until entered by the clerk in the judgment book. Re Weber, 4 N. D. 119; Dibble v. Hanson, 17 N. D. 21.

The judgment entered November 20, 1918, being a judgment for costs only, was not a final appealable judgment. Barnhouse v. Adams (Iowa) 66 N. W. 826; Little v. Gamble (Neb.) 66 N. W. 849; Smith v. Johnson (Neb.) 56 N. W. 323; 3 C. J. 600; 137 Cal. 363.

Defendant's daughter was acting within the scope of her employment and within the course of her employment as her father's agent in driving the car. Dennison v. McNorton, 228 Fed. 401.

The presumption is that the party operating the machine is the agent of the owner. The burden of disproving this presumption is upon him. Lynde v. Browning, 2 Tenn. C. C. A. 262; Birch v. Abercrombie, 50 L.R.A. 67; Stowe v. Marrie, 147 Ky. 386; Daily v. Maxwell, 152 Mo. App. 415; McNeal v. McKain (Okla.) 126 Pac. 1742; Collinson v. Cutter (Iowa) 170 N. W. 421, 422; Floetz v. Holt, 124 Minn. 173; Lenn v. Carlson, 120 Minn. 286; Kayser v. Van Nest, 125 Minn. 277; Uphill v. McCormick (Minn.) 166 N. W. 788; Johnson v. Evens (Minn.) 170 N. W. 220; Johnson v. Smith, 173 Minn. 676.

Maxine Salisbury was using the car with the implied consent of

her father.    Ferris v. Sterling, 214 N. Y. 249; Erlich v. Heis (Ala.) 69 So. 530; Birch v. Abercrombie, 74 Wash. 486, 33 Pac. 1020; Dennison v. McNorton, 228 Fed. 401.

Knowledge and consent may be implied as well as expressed.    Lynde v. Browning, 2 Tenn. C. C. A. 262.

The question of whether or not Miss Salisbury received express permission to use the car was for the jury.    Specifications of Error XXIII. of insufficiency XI. and XII.    Birch v. Abercrombie, 74 Wash. 486, 50 L.R.A.(N.S.) 59; Long v. Bute, 123 Mo. App. 204; Rott v. Boston Ry. 138 Mass. 420; Taylor v. Modern Woodmen, 72 Kan. 453; Whalen v. Harrison, 26 Mont. 326; Wilson v. Royal Neighbors, 139 Mich. 425; Burleson v. Tinnin (Tex.) 100 S. W. 350.

*Doane & Porter* and *Lawrence & Murphy,* for respondent.

The chauffeur or agent is not acting within the scope of his employment when he is using the machine for his own pleasure or business. Slater v. Advance-Rumley Thresher Co. 97 Minn. 305, 107 N. W. 133; Stewart v. Barauch, 103 App. Div. 577, 93 N. Y. Supp. 161; Quigley v. Thompson, 211 Pa. 107, 60 Atl. 506; Jones v. Hoge (Wash.) 92 Pac. 432.

The owner of an automobile establishment in which his son is employed as a clerk is not liable for the negligent operation of one of the machines by the son while using it for his own personal pleasure.    Reynolds v. Buck, 127 Iowa, 601, 103 N. W. 946; Lotz v. Hanlon, 10 Ann. Cas. 732; Maher v. Benedict, 123 App. Div. 579, 108 N. Y. Supp. 228; Mattei v. Gillies, 12 Ann. Cas. 973; Lembke v. Ady (Iowa) 159 N. W. 1012.

A father is never liable for the wrongful acts of his minor son unless the acts were committed with the father's consent or in connection with the father's business.    Smith v. Davenport (Kan.) 11 L.R.A. 492; Doran v. Thompson (N. J.) 19 L.R.A.(N.S.) 337; Reynolds v. Buck (Iowa) 103 N. W. 946; Conestoga Traction Co. v. Haldy (1912) 22 Pa. Dist. R. 124.

A parent is not liable for the torts of his minor children, when such acts are done without his authority, knowledge, or consent, and have no connection with his business and are not ratified by him, and are of no benefit to him.    Thibodeau v. Cheff, Ann. Cas. 1912A, 585, note; Mirick v. Suchy, 74 Kan. 715, 87 Pac. 1141, 11 Ann. Cas. 366; John-

son v. Glidden, 11 S. D. 237, 74 Am. St. Rep. 795, 76 N. W. 933, 5 Am. Neg. Rep. 97; Dick v. Swenson, 137 Ill. App. 68; Pauley v. Draine, 9 Ky. L. Rep. 693, 6 S. W. 329; Bassett v. Riley, 131 Mo. App. 676, 111 S. W. 596.

A father is not liable for an injury inflicted by his automobile while being driven by his son, merely because of the relationship. Linville v. Nissen, 162 N. C. 95, 77 S. E. 1096; Loehr v. Abell, 174 Mich. 590, 140 N. W. 926; Roberts v. Schanz, 83 Misc. 139, 144 N. Y. Supp. 824; Notes to McNral v. McKain, 41 L.R.A.(N.S.) 775; Birch v. Abercrombie, 50 L.R.A.(N.S.) 59; White Oak Coal Co. v. Rivoux, Ann. Cas. 1914C, 1091.

An automobile is not *per se* a dangerous agency. Lewis v. Amorous, 3 Ga. App. 50, 59 S. E. 338; Shinkle v. McCullough, 116 Ky. 960, 105 Am. St. Rep. 249, 77 S. W. 196; Christy v. Elliott, 216 Ill. 31, 1 L.R.A.(N.S.) 215, 108 Am. St. Rep. 196, 74 N. E. 1035, 3 Ann. Cas. 487; Chicago v. Banker, 112 Ill. App. 94; McIntyre v. Orner, 166 Ind. 57, 4 L.R.A.(N.S.) 1130, 117 Am. St. Rep. 359; Indiana Springs Co. v. Brown, 165 Ind. 465, 1 L.R.A.(N.S.) 238; Smith v. Jordan, 211 Mass. 269, 97 N. E. 761; Hartley v. Miller, 165 Mich. 115, 33 L.R.A.(N.S.) 81; Slater v. Advance Thresher Co. 97 Minn. 305, 5 L.R.A.(N.S.) 598; Dailey v. Maxwell, 152 Mo. App. 675, 108 S. W. 1122; Danforth v. Fisher, 75 N. H. 111, 21 L.R.A.(N.S.) 93; Vincent v. Crandall, 131 App. Div. 200, 74 N. Y. Supp. 999; Steffen v. McNaughton, 142 Wis. 49, 26 L.R.A.(N.S.) 382, 124 N. W. 1016; Jones v. Hoge, 47 Wash. 663, 14 L.R.A.(N.S.) 216, 125 Am. St. Rep. 915, 92 Pac. 433; McNeal v. McKain, 41 L.R.A.(N.S.) 778, 779; 6 Labatt, Mast. & S. 6644, 6843.

No presumption arises from the fact that at the time of an accident a son was driving his father's automobile, that he was acting within the scope of his authority, which will cast upon the father the burden of showing the contrary. Hays v. Hogan, L.R.A.1918C, 715; Mc-Farlane v. Winters (Utah) 155 Pac. 437; Zeer v. Bahnmaier (Kan.) 176 Pac. 326; 6 Labatt, Mast. & S. 6644; 46 L.R.A.(N.S.) 199.

ROBINSON, J. This is an action to recover damages by reason of a personal injury sustained by collision with an automobile. The court directed a verdict for the defendant and on that verdict two judgments

have been entered. On November 21, 1918, pursuant to an order of the court reciting the trial and verdict, a judgment was entered that the defendant do have and recover from the plaintiff the costs and disbursements of the action, taxed at $237.50.

Now a judgment is a final determination of the rights of the parties in the action. Comp. Laws, § 7599. The first judgment showed such a final determination. It recites the verdict of the jury in favor of the defendant and the order for judgment on the same and the amount allowed as costs, but it seems counsel thought the first judgment not good enough, because it did not declare the action dismissed. Hence, on May 7, 1919, a second judgment was entered which is that the defendant have and recover judgment against the plaintiff dismissing the action and for $237.50, his costs. Plainly the second judgment is no better than the first and it is in the form of an order for judgment.

This is an appeal from the second judgment. It was taken October 15, 1919, and after the first judgment had become final. The second judgment was not authorized and it must be reversed and canceled. After one judgment has been entered on a verdict, if it is in any way technically defective, it may be corrected on motion, but the court may not enter a succession of judgments and in that way extend the time for an appeal from the first judgment. The defendant erroneously moved to dismiss the appeal on the ground that the second judgment is wholly unauthorized and without jurisdiction. But that is cause for canceling and reversing the judgment, and not for dismissing the appeal.

The record is from beginning to end a very bunglesome affair. Hence, without reviewing the merits of the case, the second judgment must be reversed and canceled, and that will leave the first judgment in full force and effect.

Reversed and canceled.

CHRISTIANSON, Ch. J., and BIRDZELL, J., concur.

BRONSON, J. I dissent. The motion to dismiss the appeal herein should be denied.

This cause, an action for personal injuries, was tried before a jury, and, at the conclusion of plaintiff's case, pursuant to a motion made by

the defendant, verdict was directed by the court in favor of the defendant.

Pursuant thereto, on November 18, 1918, the trial court made its order for judgment, viz.: "It is hereby ordered, adjudged, and decreed, that the defendant do have and recover of the plaintiff the costs and disbursements of this action to be taxed by the clerk." Upon this order, on November 21, 1918, judgment was entered, viz.: "It is adjudged and determined that the defendant do have and recover of the said plaintiff the costs and disbursements of the action taxed and allowed in the sum of $237.30 making a total judgment in the sum of $237.30."

On March 11, 1918, the court stenographer made a full transcript of his shorthand notes covering the proceedings had at the trial. On May 21, 1918, the trial court settled the statement of the case. On June 8, 1918, service was admitted by the defendant of notice of motion to set aside the verdict and grant a new trial. On June 20, 1918, appeal was taken from judgment rendered on November 21, 1918. (This appeal was subsequently abandoned as parties stated on oral argument.) On March 27, 1919, notice of motion was made for an order for final judgment and for an order denying plaintiff's motion for a new trial returnable April 11, 1919.

On April 22, 1919, the trial court entered an order denying the motion for a new trial upon the ground that the motion was without merit and that the same had not been presented to the court within the time required by statute. On the same date the court also made an order which reads as follows:

"This action having been regularly placed on the calendar for trial at the regular term of the district court begun and holden at the court house in the city of La Moure, county of La Moure and state of North Dakota, on the 4th day of February, 1918, and having been reached in its regular order for trial, and a jury having been had and both parties having submitted oral and documentary evidence and having rested, and the court having on motion directed a verdict for the defendant, after argument of counsel, and the jury having delivered a verdict for the defendant in accordance therewith, which verdict is dated February 15, 1918; and the court having ordered an interlocutory judgment in favor of said defendant and against the said plain-

tiff for the costs and disbursements of this action, to be taxed by the clerk, which interlocutory judgment was docketed in the office of the clerk of said court on the 21st day of November, 1918:

"It is now on motion of Eugene F. Coyne, one of the attorneys for plaintiff:

"ORDERED that the defendant have judgment against the plaintiff in defendant's favor, upon the issues in this action, and for the sum of two hundred thirty-seven dollars and thirty cents ($237.30), the costs so taxed by the clerk, and that said action be dismissed."

Pursuant thereto, on May 7, 1919, final judgment was entered for the costs and for dismissal of the action. From this judgment so rendered on May 7, 1919, appeal has been taken by the plaintiff to this court.

It is apparent that the first judgment entered in the trial court was irregular. The defendant, upon this motion, contends that the first judgment entered is a final judgment. In my opinion this contention cannot be sustained either upon the judgment as it reads, or upon the trial court's own interpretation thereof. The defendant is not in a position before this court to question the nature of the first judgment as interpreted by the trial court. There is nothing in this record to demonstrate that the defendant attempted to make the first judgment final by providing therein, in addition, for a dismissal of the action or to object to the form of this first judgment. The plaintiff consequently was placed in the position of acting at his peril either by appealing from the first judgment or of treating the same as the trial court so did. Upon the record in this case, the first judgment therefore should be treated as an interlocutory judgment for the purpose of this appeal just the same as the parties in the trial court did so treat it. See note in 60 Am. Dec. 427.

The plaintiff procured a transcript of the proceedings herein about March 11, 1918. This does not evidence an intention that the present appeal is to be termed tardy or dilatory. The first judgment was uncertain; it did not provide for a dismissal of the action; the plaintiff might well be uncertain as to its final character; the trial court did determine it to be interlocutory and entered a subsequent judgment which is final in its terms. Upon this record, as a matter of simple

justice and of law, the plaintiff is entitled to a hearing before this court on the merits.

GRACE, J., concurs.

On Petition for Rehearing, filed January 30, 1920.

PER CURIAM.   Plaintiff has petitioned for a rehearing, and we have reconsidered the case.   Such reconsideration has caused no change of mind on the part of any of the members of the court.   The majority members are still of the opinion that the first judgment was a final judgment.   On its face it showed that it was rendered pursuant to a verdict, which decided all questions of fact in the case.   Hence, the second judgment was wholly unauthorized.   Miller v. Thompson, 31 N. D. 147, 153 N. W. 390.

The majority members are, also, of the belief that the trial court properly directed a verdict in favor of the defendant.

Rehearing denied.

CHRISTIANSON, Ch. J., and BIRDZELL and ROBINSON, JJ., concur.