Tufte, Justice.
 

 [¶1] A.D.C. appeals the juvenile court's judgments and orders terminating her parental rights. Because A.D.C.'s notice of appeal was untimely, we are without jurisdiction and we dismiss this appeal.
 

 I
 

 [¶2] A.D.C. is the mother of T.S.C., T.L.C., and N.L.F. In June 2017, Grand Forks County Social Services petitioned for involuntary termination of A.D.C.'s parental rights. In October 2017, an evidentiary hearing was held. The juvenile court concluded that A.D.C.'s children were deprived, and entered three substantially similar orders terminating A.D.C.'s parental rights to T.S.C., T.L.C., and N.L.F. on November 16, 2017, November 30, 2017, and December 1, 2017.
 

 [¶3] A.D.C. filed a notice of appeal on January 16, 2018. On February 2, 2018, she filed a request to extend the time to file the notice of appeal, a motion for leave of court rules, and a brief on the merits.
 

 II
 

 [¶4] A.D.C. argues that her notice of appeal is timely. Section 27-20-45(6), N.D.C.C., provides:
 

 Subject to the disposition of an appeal, upon the expiration of thirty days after an order terminating parental rights is issued under this section, the order cannot be questioned by any person, including the petitioner, in any manner, or upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter, unless the person retained custody of the child.
 

 Rule 2.2(a), N.D.R.App.P., provides that an "appeal from an order terminating parental rights must be taken by filing a notice of expedited appeal with the clerk of the supreme court within 30 days after entry of the order." The juvenile court entered separate orders terminating A.D.C.'s parental rights to N.L.F., T.L.C., and T.S.C. on November 16, 2017, November 30, 2017, and December 1, 2017, respectively.
 

 *756
 
 The deadlines to file notices of appeal calculated according to N.D.R.App.P. 26 were December 18, 2017 (N.L.F.), and January 2, 2018 (T.L.C. and T.S.C.). Because A.D.C. did not file a notice of appeal until January 16, 2018, her appeal was untimely under N.D.C.C. § 27-20-45(6) and N.D.R.App.P. 2.2(a).
 

 [¶5] Rule 4(a)(4)(A), N.D.R.App.P., allows for an extension of time if "(i) a party so moves no later than 30 days after the time prescribed by subdivision (a) expires; and (ii) that party shows excusable neglect or good cause." Further, N.D.R.App.P. 4(a)(4)(C) provides, "No extension under paragraph (a)(4) may exceed 30 days after the prescribed time." Rule 4(a)(1), N.D.R.App.P., provides for the time for filing a notice of appeal in civil cases, generally, which must be performed within 60 days. As discussed above, Rule 2.2(a), not Rule 4(a)(1), controls when a notice of appeal is made in terminations of parental rights. Even if a 30-day extension was available under Rule 4(a)(4)(A), A.D.C. did not timely move for an extension. A motion for a 30-day extension would have been due by January 17, 2018, for the N.L.F. order and February 1, 2018, for the T.L.C. and T.S.C. orders. A.D.C. did not move for an extension until February 2, 2018.
 

 [¶6] A.D.C. argues an extension of time is permitted under N.D.R.App.P. 4(e), which provides:
 

 Except for an appeal in a termination of parental rights proceeding
 
 , a notice of appeal in a proceeding under the Uniform Juvenile Court Act must be filed with the clerk of the supreme court within 30 days of service of notice of entry of the judgment, order or decree being appealed. Upon a finding of excusable neglect or good cause, the supreme court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time
 
 otherwise prescribed by this subdivision.
 

 N.D.R.App.P. 4(e) (emphasis added). Although this rule allows for an extension of time for excusable neglect or good cause, it is plain from the first clause and last clause that it does not apply to terminations of parental rights.
 

 [¶7] Because A.D.C.'s notice of appeal was untimely under N.D.C.C. § 27-20-45(6) and N.D.R.App.P. 2.2(a), and no extension of time is permitted, we are without jurisdiction.
 

 III
 

 [¶8] Because we are without jurisdiction, we dismiss this appeal.
 

 [¶9] Jerod E. Tufte
 

 Daniel J. Crothers
 

 Dale V. Sandstrom, S.J.
 

 Lisa Fair McEvers
 

 Gerald W. VandeWalle, C.J.
 

 [¶10] The Honorable Dale V. Sandstrom, Surrogate Judge, sitting in place of Jensen, J., disqualified.