Per Curiam.
 

 [¶ 1] R.W.D. appeals from a juvenile court order terminating his parental rights to his two children. He argues insufficient evidence supports the termination of his parental rights. Retaining jurisdiction under N.D.R.App.P. 35(a)(3), we remanded to the juvenile court for testimony of a qualified expert witness and findings about "the prevailing social and cultural standards of the Indian child's Tribe" under
 
 25 U.S.C. § 1912
 
 (f) and
 
 25 C.F.R. § 23.122
 
 (a).
 
 Interest of K.S.D. and J.S.D.
 
 ,
 
 2017 ND 289
 
 , ¶ 29,
 
 904 N.W.2d 479
 
 . The juvenile court found the State proved beyond a reasonable doubt, through qualified expert testimony meeting the requirements of the Indian Child Welfare Act, that R.W.D.'s continued custody of the children likely would result in serious emotional or physical
 damage to the children.
 
 See
 

 25 U.S.C. § 1912
 
 (f) and
 
 25 C.F.R. § 23.122
 
 (a). We conclude that the juvenile court's findings are not clearly erroneous and that the juvenile court complied with N.D.R.Civ.P. 63. We affirm the order under N.D.R.App.P. 35.1(a)(2).
 

 [¶ 2] Gerald W. VandeWalle, C.J.
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Stacy J. Louser, D.J.
 

 [¶ 3] The Honorable Stacy J. Louser, D.J., sitting in place of Jensen, J., disqualified.