# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 110

Interest of K.S.D., a child

----------

| | |
|---|---|
| Jacqueline A. Gaddie, Assistant State's Attorney, | Petitioner and Appellee |

v.

| | |
|---|---|
| K.S.D, child; R.W.D., father; Christopher D. Jones, the Executive Director of the North Dakota Department of Human Services, | Respondents |
| and | |
| H.L.K. n/k/a H.G., mother, | Respondent and Appellant |

No. 20180260

Interest of J.S.D., a child

----------

| | |
|---|---|
| Jacqueline A. Gaddie, Assistant State's Attorney, | Petitioner and Appellee |

v.

| | |
|---|---|
| J.S.D, child; R.W.D., father; Christopher D. Jones, the Executive Director of the North Dakota Department of Human Services, | Respondents |
| and | |
| H.L.K. n/k/a H.G., mother, | Respondent and Appellant |

No. 20180261

Appeal from the Juvenile Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Jacqueline A. Gaddie, Assistant State's Attorney, Grand Forks, ND, for petitioner and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for respondent and appellant H.L.K.

**Crothers, Justice.**

[¶1]    H.L.K., now known as H.G., appeals from an order denying her motion to withdraw her consent to terminate her parental rights to her children K.S.D. and J.S.D. We affirm, concluding H.G.'s motion to withdraw her consent was untimely under N.D.C.C. § 27-20-45(6).

I

[¶2]    H.G. (mother) and R.W.D. (father), are the parents of the minor children K.S.D. and J.S.D.  The family has been involved with Grand Forks County Social Services (GFCSS) since October 2010.  In 2017, GFCSS petitioned to terminate the parents' parental rights.  After a hearing on May 22, 2017, the mother signed a "consent to termination of parental rights" for both children.  The juvenile court also signed the consent and included a statement, stating, "Before me appeared [H.G.], and acknowledged her consent to the termination of parental rights with respect to [K.S.D. and J.S.D.], children."

[¶3]    The father did not consent to termination of his parental rights and a trial was held for involuntary termination of his rights.  On June 19, 2017, the juvenile court entered an order terminating the mother's and father's parental rights to both children. The court found the mother executed consent to the termination of her parental rights, she was questioned about the consent by the court, the court acknowledged her consent, and she did not participate in subsequent proceedings.  The court also found proof beyond a reasonable doubt established the father's parental rights should be terminated, the children were deprived, the deprivation was likely to continue, the children were suffering or would probably suffer harm, the children had been in foster care for at least 450 of the previous 660 nights, and active efforts were made to prevent the breakup of the family.  The court terminated the mother's and father's

1

parental rights to both children. Judgment consistent with the court's order was entered on June 28, 2017.

[¶4] The father filed a notice of appeal on July 19, 2017. On appeal, this Court held clear and convincing evidence established the children were deprived, the deprivation was likely to continue, the children had been in foster care at least 450 of the previous 660 nights, and active efforts to prevent the breakup of the family were made and were unsuccessful. *See In re K.S.D.*, 2017 ND 289, ¶ 1, 904 N.W.2d 479. However, we retained jurisdiction and remanded for testimony from a qualified expert witness and findings required under the Indian Child Welfare Act. *Id.* A hearing was held on the issues remanded to the juvenile court, and the court made the required findings and ordered the father's parental rights be terminated. This Court affirmed the juvenile court's decision on May 7, 2018. *See In re K.S.D.*, 2018 ND 103, 910 N.W.2d 834.

[¶5] While the father's appeal was pending, the mother sent the juvenile court a letter, which was filed on February 9, 2018, stating that she wanted to appeal the voluntary termination of her parental rights. On April 20, 2018, the mother moved to withdraw her consent to terminate parental rights, arguing the children had not been adopted, it was in their best interests that the consent be withdrawn, and they should be returned to her custody. On May 9, 2018, the juvenile court denied the mother's motion to withdraw her consent, concluding it did not have jurisdiction to hear the mother's motion because the father's appeal was pending before this Court.

[¶6] On May 18, 2018, the mother again moved to withdraw her consent to terminate parental rights. She argued withdrawing her consent was in the children's best interests, the children had not been adopted, and they should be returned to her custody. The State opposed the motion.

[¶7] On June 21, 2018, the juvenile court denied the mother's motion. The court found the mother consented to termination of her parental rights and she failed to establish her consent was statutorily deficient. The court concluded the mother's motion was untimely under N.D.C.C. § 27-20-45(6) because she did not move to

withdraw her consent within thirty days after the order terminating her parental rights was issued. The court also concluded the mother failed to establish her consent was obtained by fraud or coercion.

II

[¶8]    The mother argues the juvenile court erred by denying her motion to withdraw her consent. She contends the court clearly erred in finding she consented to terminate her parental rights under N.D.C.C. § 27-20-44(d), her motion was not untimely, and she was coerced into consenting to the termination.

[¶9]    In juvenile proceedings, including termination of parental rights cases, findings of fact are reviewed under the clearly erroneous standard. *In re A.L.E.*, 2018 ND 257, ¶ 4, 920 N.W.2d 461. A finding is clearly erroneous when it is induced by an erroneous view of the law, the evidence does not support the finding, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.* Questions of law are fully reviewable. *See In re C.R.H.*, 2000 ND 222, ¶ 6, 620 N.W.2d 175.

[¶10]   The district court concluded the mother's motion to withdraw her consent was untimely under N.D.C.C. § 27-20-45(6). The court explained, "H.G.'s Second Motion in both the above-captioned cases is barred because it is beyond thirty days after both the May 22, [2017] Order Acknowledging her Consent and the June 19, 2017 Termination Order."

[¶11]   Rule 16, N.D.R.Juv.P., authorizes the juvenile court to modify or vacate orders terminating parental rights under certain circumstances, including when the order was obtained by fraud or mistake. However, N.D.C.C. § 27-20-45(6) places a time limitation on when an order terminating parental rights may be questioned, stating:

> "Subject to the disposition of an appeal, upon the expiration of thirty days after an order terminating parental rights is issued under this section, the order cannot be questioned by any person, including the petitioner, in any manner, or upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter, unless the person retained custody of the child."

3

[¶12]  The interpretation of a statute is a question of law, which is fully reviewable on appeal.  *Garaas v. Cass Cty. Joint Water Res. Dist.*, 2016 ND 148, ¶ 7, 883 N.W.2d 436.  Words in a statute are to be given their plain, ordinary, and commonly understood meaning, unless a contrary intention plainly appears. N.D.C.C. § 1-02-02.  "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."  N.D.C.C. § 1-02-05.

[¶13]  The plain language of N.D.C.C. § 27-20-45(6) states an order terminating parental rights cannot be questioned in any manner or upon any ground by any person, who has not retained custody of the child, more than thirty days after the order is issued, subject to disposition of an appeal.  This Court held an appeal was untimely under N.D.C.C. § 27-20-45(6) and N.D.R.App.P. 2.2(a) when the appellant did not file a notice of appeal within thirty days after entry of the order terminating parental rights.  *In re T.S.C.*, 2018 ND 76, ¶ 4, 908 N.W.2d 754.

[¶14]  The mother contends her motion was not untimely under N.D.C.C. § 27-20-45(6) because the father appealed the order terminating parental rights, the juvenile court lost jurisdiction while the appeal was pending, and the court did not receive jurisdiction until after the appeal was final.  She claims all time calculations for filing in the juvenile court stop while the appeal is pending.  This Court has not addressed whether a party's appeal of the order terminating parental rights tolls the thirty-day time limitation under N.D.C.C. § 27-20-45(6) for a party that is not involved in the appeal.  But even if the father's appeal divested the juvenile court of its jurisdiction and prevented the court from acting on the mother's motion to withdraw her consent, it would not affect the outcome of this case.

[¶15]  The order terminating the mother's parental rights to the two children was entered on June 19, 2017.  Under N.D.C.C. § 27-20-45(6), the mother had until July 19, 2017 to move to withdraw her consent.  *See* N.D.C.C. § 1-02-15 (computation of time).  The father's notice of appeal was filed on July 19, 2017. *See* N.D.R.App.P. 2.2(a) (stating notice of appeal must be filed within thirty days after

4

entry of the order). The father did not file a notice of appeal until the thirtieth day after the order was issued. The juvenile court had jurisdiction during the entire thirty days after the order terminating parental rights was entered. *See CHS Inc. v. Riemers*, 2018 ND 101, ¶ 16, 910 N.W.2d 189 (stating the district court generally loses jurisdiction when a notice of appeal is filed). The mother did not file her motion on the thirtieth day or on any other day before the expiration of the thirty-day time limitation. On February 9, 2018, the mother first expressed her desire to withdraw her consent in a letter to the juvenile court. She did not move to withdraw her consent until April 20, 2018, well after the thirty days expired.

[¶16] An order terminating the mother's parental rights was entered based on the mother's consent to termination. The mother did not retain custody of the children, and she did not move to withdraw her consent until more than thirty days after the order was issued. The mother's motion was untimely under N.D.C.C. § 27-20-45(6) and the juvenile court did not err in denying the mother's motion to withdraw her consent.

III

[¶17] We have considered the remaining issues and arguments and conclude they are either without merit or unnecessary to our decision. We affirm the order denying H.G.'s motion to withdraw her consent to terminate her parental rights.

[¶18] Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
James D. Gion, D.J.
Gerald W. VandeWalle, C.J.

[¶19] The Honorable James D. Gion, D.J., sitting in place of Jensen, J., disqualified.