# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 189

In the Interest of A.S.F., minor child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| A.S.F., child, C.F., father, | Respondents |
| and | |
| A.S., mother, | Respondent and Appellant |

### No. 20210222

Appeal from the Juvenile Court of Ward County, North Central Judicial District, the Honorable Connie S. Portscheller, Judicial Referee.

DISMISSED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justices Crothers and McEvers joined. Justice VandeWalle filed a concurring opinion.

Rozanna C. Larson, State's Attorney, Minot, N.D., for petitioner and appellee; submitted on brief.

Scott O. Diamond, Fargo, N.D., for respondent and appellant; submitted on brief.

**Tufte, Justice.**

[¶1]   A.S. appeals the juvenile court's judgment and order terminating her parental rights. Because A.S.'s notice of appeal was untimely, we are without jurisdiction and we dismiss the appeal.

I

[¶2]   A.S. is the mother of A.S.F. In August 2020, the State petitioned for involuntary termination of A.S.'s parental rights. A.S. was appointed counsel. At the parental termination hearing, the court allowed A.S.'s counsel to withdraw after A.S. expressed dissatisfaction with her counsel. The termination hearing was continued and new counsel was appointed. One day before the rescheduled hearing, A.S.'s second counsel moved to withdraw. The judge heard the motion at the termination hearing. There, counsel stated a material breakdown in the attorney-client relationship had occurred. The court granted counsel's motion on the basis of the treatment A.S. showed to her counsel and the unwillingness of A.S. to work with any attorney the court appointed. The judge found A.S.'s actions to be a voluntary waiver of her right to counsel. Counsel was allowed to leave the courtroom. The hearing proceeded with A.S. without counsel.

[¶3]   The juvenile court entered an order terminating parental rights on June 10, 2021. The court served the order to A.S.'s last known address; however, it came back as returned mail. The court then entered a revised order for publication on July 13, 2021. The order was published in the Minot Daily News. On July 22, 2021, A.S. applied for court-appointed counsel. Appellate counsel was appointed on July 27, 2021. On August 10, 2021, A.S. appealed the termination of her parental rights to this Court.

II

[¶4]   A.S. appealed to this Court 61 days after the initial June 10 order terminating her parental rights was entered. Because the juvenile court

entered a revised order for publication on July 13, A.S. argues that her time to appeal to this Court restarted on July 13. A.S. argues her appeal was timely because she appealed 28 days after the revised July 13 order was entered.

[¶5]   To determine whether A.S.'s appeal was timely, we first must determine whether the juvenile court properly served A.S. the order terminating her parental rights. "After the original summons has been served and jurisdiction has been established, service of papers in a juvenile proceeding may be made" on the parent's attorney. If the parent does not have an attorney, service may be made by "mailing it to the [parent's] last known address—in which event service is complete upon mailing." N.D.R.Juv.P. 7.

[¶6]   The juvenile court properly served A.S. the order terminating her parental rights. In this case, there were two orders entered by the juvenile court terminating A.S.'s parental rights: the initial June 10 order containing the findings of fact and conclusions of law, and the July 13 order that was revised solely for the purpose of making another attempt to serve A.S. Under N.D.R.Juv.P. 7(c)(3), it was unnecessary for the court to re-attempt service by republishing the order. At the time the order was served, the original summons had been served upon A.S. and jurisdiction had been established. Thus, it was permissible for the court to serve A.S. the order by mailing it to her last known address. Even though it came back as "unclaimed," the service was complete upon mailing. The court was under no obligation to make continued attempts to serve A.S. Because the court used the last known address for A.S, the court's first attempt at service was proper.

[¶7]   Under N.D.R.App.P. 2.2(a), "[a]n appeal from an order terminating parental rights must be taken by filing a notice of expedited appeal with the clerk of the supreme court within 30 days after entry of the order." Here, no motion for an extension of time to file an appeal was made. Any such motion would have been unavailing, because we have held "an extension of time for excusable neglect or good cause . . . does not apply to terminations of parental rights." *Interest of T.S.C.*, 2018 ND 76, ¶ 6, 908 N.W.2d 754. A.S.'s appeal is timely only if the time to appeal restarted upon entry of the July 13 revised order.

[¶8]   This Court has not considered the effect of a subsequent, summarized order for publication on the running of the time to appeal. However, this Court has analyzed whether a party may appeal an order that has the same legal effect as an earlier order from which the time for appeal has lapsed. In *Miller v. Thompson*, this Court held that a second order denying a new trial did not extend the lapsed period for appeal on the court's first order denying a new trial. 153 N.W. 390, 391 (N.D. 1915). In that case, the trial court entered its first order on November 30. *Id*. at 390–91. Thompson did not appeal that order within the appeal period. *Id*. at 391. The court then "entered a second order of the same legal effect as that of [the] November 30th" order. *Id*. Thompson timely appealed the second order. *Id*. This Court held that because the "lapse of time without an appeal" made the November 30 order "final and conclusive," the court was "powerless to later, and after the expiration of the said [time to appeal], amend it or make a subsequent order to the same effect from which an appeal might be taken." *Id*. Thus, the second order "was a nullity" and "could confer no right of appeal therefrom nor in any way extend the already lapsed period for appeal from the only appealable order, that of November 30th." *Id*.

[¶9]   The U.S. Supreme Court has also considered whether a second judgment revives a party's time to petition for certiorari. In *FTC v. Minneapolis-Honeywell Regulator Co.*, the Court of Appeals issued a judgment from which the respondent did not appeal. 344 U.S. 206, 208 (1952). Two months later, the court issued another judgment that repeated the substance of its prior judgment. *Id*. at 209–210. Respondent timely appealed from that second judgment. *Id*. The Supreme Court held that "the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought." *Id*. at 211. The Court stated that only when a lower court's judgment "changes matters of substance or resolves a genuine ambiguity" should the appeal timeframe "begin to run anew." *Id*. at 211–12. The question for the appellate court to ask is "whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Id*. at 212. Because the second judgment "reiterated, without

3

change," everything decided by the first judgment, the second judgment did not restart the appeal window. *Id.*

[¶10] The juvenile court's July 13, 2021 order did not revive the time A.S. had to appeal. Similar to the orders in *Miller* and *FTC*, the July 13 order had the same legal effect as the June 10 order. The court summarized the order for the purpose of publication. The July 13 order did not change or modify its findings of fact and conclusions of law, nor did it clarify any ambiguities in the original order. Instead, the July 13 order "reiterated, without change" everything from the first order. Because the juvenile court revised the first order only "in an immaterial way" in an attempt to try serving A.S. again, A.S.'s time to appeal did not begin to run anew. Thus, A.S. had only until July 12, 2021, to appeal to this Court.

[¶11] The outcome of this case is governed by N.D.R.App.P. 2.2, which we adopted after our decisions in *In re C.R.H.*, 2000 ND 222, ¶ 4, 620 N.W.2d 175, *Interest of M.M.S.,* 449 N.W.2d 574 (N.D. 1989), and *B.R.T. v. Exec. Dir. of the Soc. Serv. Bd. of N.D.,* 391 N.W.2d 594, 597 (N.D. 1986). In those cases, this Court applied Rule 4(a) and found jurisdiction to hear the parental termination appeals even though the appellants appealed after the time for appeal had lapsed. *C.R.H.*, 2000 ND 222, ¶ 5; *Interest of M.M.S.,* 449 N.W.2d at 576; *B.R.T.,* 391 N.W.2d at 597. These cases predate the enactment of N.D.R.App.P. 2.2. At that time, N.D.R.App.P. 4(a) allowed a finding of excusable neglect to extend the time for filing the notice of appeal in a termination of parental rights case. Since the adoption of N.D.R.App.P. 2.2, which does not provide for an extension of time to appeal upon a showing of excusable neglect or other good cause, and the addition of subsection (e) to N.D.R.App.P. 4, this Court lacks jurisdiction to consider an appeal filed more than 30 days following entry of an order terminating parental rights. To the extent these cases would have allowed an appeal in a termination of parental rights matter to be extended beyond 30 days, they have been superseded by N.D.R.App.P. 2.2.

[¶12] A.S. argues her right to counsel was violated after the court granted her second attorney's motion to withdraw, leaving A.S. to represent herself at the termination hearing and without advice regarding the process and deadline for

4

appeal. Once the time to appeal has expired, we lack jurisdiction—even to consider a claim that a party failed to timely appeal as a result of a denial of the party's right to counsel. We are without jurisdiction to hear A.S.'s waiver of her right to counsel argument because her appeal was untimely.

## III

[¶13] Because we are without jurisdiction, we dismiss this appeal.

[¶14] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

**VandeWalle, Justice, concurring.**

[¶15] I agree with the result because it leaves in place the order terminating parental rights. I would also have agreed with the order terminating parental rights had this Court reached the merits of the case and not dismissed this appeal. Henceforth, judges should give the reasons for issuing subsequent orders so that this Court may understand the circumstances that caused the judge to enter the subsequent order.

[¶16] Gerald W. VandeWalle