# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 122

In the Interest of C.A.S., a child

Grand Forks County Human Service Zone,                    Petitioner and Appellee

v.

C.A.S., child;                                                            Respondent

and

J.M.D., mother; and C.R.S., Sr., father;       Respondents and Appellants

### No. 20230130

In the Interest of C.J.S., a child

Grand Forks County Human Service Zone,                    Petitioner and Appellee

v.

C.J.S., child;                                                            Respondent

and

J.M.D., mother; and C.R.S., Sr., father;       Respondents and Appellants

### No. 20230131

In the Interest of C.R.S., Jr., a child

Grand Forks County Human Service Zone,                     Petitioner and Appellee

    v.

C.R.S., Jr., child;                                                            Respondent

    and

J.M.D., mother; and C.R.S., Sr., father;          Respondents and Appellants

---

No. 20230132

---

In the Interest of C.A.C., Jr., a child

Grand Forks County Human Service Zone,                     Petitioner and Appellee

    v.

C.A.C., Jr., child; and C.A.C., Sr., father;                     Respondents

    and

J.M.D., mother;                                             Respondent and Appellant

---

No. 20230141

---

In the Interest of J.R.T., a child

Grand Forks County Human Service Zone,                     Petitioner and Appellee

    v.

J.R.T., child; and S.A.T., father;                                     Respondents

    and

J.M.D., mother;                                             Respondent and Appellant

---

No. 20230142

---

In the Interest of J.A.D., a child

| | |
|---|---|
| Grand Forks County Human Service Zone, | Petitioner and Appellee |
| v. | |
| J.A.D., child; and S.A.T., father; | Respondents |
| and | |
| J.M.D., mother; | Respondent and Appellant |

———————————————
No. 20230143
———————————————

In the Interest of R.P.D., a child

| | |
|---|---|
| Grand Forks County Human Service Zone, | Petitioner and Appellee |
| v. | |
| R.P.D., child; and A.L.M., father; | Respondents |
| and | |
| J.M.D., mother; | Respondent and Appellant |

———————————————
No. 20230144
———————————————

Appeal from the Juvenile Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED IN PART; DISMISSED IN PART.

Opinion of the Court by McEvers, Justice.

Alexander Kiser (argued), under the Rule on Limited Practice of Law by Law Students, and Jacqueline A. Gaddie (appeared), Assistant State's Attorney, Grand Forks, ND, for petitioner and appellee.

Samuel A. Gereszek, Grand Forks, ND, for respondent and appellant J.M.D.

Tyler J. Morrow, Grand Forks, ND, for respondent and appellant C.R.S., Sr.

**Interest of C.A.S., C.J.S., C.R.S., C.A.C., J.R.T., J.A.D. & R.P.D.**
**Nos. 20230130, 20230131, 20230132, 20230141, 20230142, 20230143, 20230144**

**McEvers, Justice.**

[¶1] J.D. and C.S. appeal from a juvenile court judgment terminating their parental rights. J.D. argues her right to due process was violated because she was not present at trial. C.S. argues the court erred when it found his children are in need of protection and the conditions and causes of the need for protection are likely to continue. We hold J.D.'s appeal is untimely and dismiss it for lack of jurisdiction. We summarily affirm the portion of the judgment terminating C.S.'s parental rights.

I

[¶2] J.D. is the mother of seven children who are the subject of these consolidated appeals. C.S. is the father of three of the children. The fathers of the other children made no appearance in these proceedings. C.S. was the only parent present at trial. J.D. was represented by her attorney, who requested at trial that J.D. be allowed to appear by reliable electronic means or alternatively that the court grant a continuance to allow her to appear in person. The court denied her motions. A child protection supervisor and the children's foster care case manager testified in favor of terminating parental rights. C.S. did not testify or call any witnesses. J.D.'s adult daughter testified in support of J.D. After trial, the juvenile court entered an order and judgment terminating all of the parents' parental rights. J.D. and C.S. appeal. Along with her appellate filings, J.D. filed a motion requesting we grant a deadline extension.

II

[¶3] We lack jurisdiction to consider J.D.'s due process argument concerning her absence at trial because her appeal is untimely. Under N.D.R.App.P. 2.2(a), an appeal from a decision terminating parental rights must be taken by filing a notice of expedited appeal "within 30 days after entry of the order." It is undisputed J.D.'s appeal was not filed within 30 days of entry of the order or

judgment terminating her parental rights. "[T]his Court lacks jurisdiction to consider an appeal filed more than 30 days following entry of an order terminating parental rights." *Interest of A.S.F.*, 2021 ND 189, ¶ 11, 965 N.W.2d 870. J.D. nevertheless contends her appeal was timely because, under N.D.R.App.P. 4(a)(1), the time for appeal in civil cases runs "from service of notice of entry of the judgment or order being appealed." However, the Rule 4 timing provisions do not apply to appeals from decisions terminating parental rights, which are expedited. *See In re T.S.C.*, 2018 ND 76, ¶ 5, 908 N.W.2d 754 ("Rule 2.2(a), not Rule 4(a)(1), controls when a notice of appeal is made in terminations of parental rights."). The explanatory note to Rule 4 specifically states: "appeals in termination of parental rights matters . . . are not governed by the appeal deadlines in this rule." Nor can we grant J.D.'s motion for an extension. The North Dakota Rules of Appellate Procedure do not authorize an extension of the deadline for appealing a decision terminating parental rights. *See* N.D.R.App.P. 4(e); *see also Interest of A.S.F.*, 2021 ND 189, ¶ 7 ("[A]n extension of time for excusable neglect or good cause . . . does not apply to terminations of parental rights."). Our prior decisions allowing extensions of appeal deadlines in termination of parental rights cases have been superseded by N.D.R.App.P. 2.2. *Id.* at ¶ 11.

[¶4]   Absent a holding the appeal is timely or an extension, she alternatively asserts there should be a "harmless error" exception because her late appeal caused no one prejudice. We are not aware of any instance where this Court has applied a harmless error exception to a jurisdictional requirement. Nor has J.D. provided any supporting authority for her assertion that one should be applied here. *See Interest of Guardianship of J.O.*, 2021 ND 76, ¶ 9, 958 N.W.2d 149 ("Issues are not adequately briefed when an appealing party fails to cite any supporting authority, and we will not consider them."). Because J.D.'s appeal is untimely and an extension is not authorized, we lack jurisdiction and must dismiss her appeal.

III

[¶5]   C.S. argues the juvenile court erred when it found his children, C.A.S., C.J.S., and C.R.S., are in need of protection and the conditions and causes of

the need for protection are likely to continue. After reviewing the record, we conclude the court's findings are supported by clear and convincing evidence and are not clearly erroneous. *See Interest of A.C.*, 2022 ND 123, ¶ 5, 975 N.W.2d 567 (factual findings made in a termination of parental rights proceeding are reviewed under the clearly erroneous standard of review). We summarily affirm the portion of the judgment terminating C.S.'s parental rights. *See* N.D.R.App.P. 35.1(a)(2).

IV

[¶6]   The judgment is affirmed in part. J.D.'s appeal is dismissed.

[¶7]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

3