# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2026 ND 44

In the Interest of M.S.H., a Child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| M.S.H., a child; S.M., father, | Respondents |
| and | |
| K.S.H., mother, | Respondent and Appellant |

### No. 20250421

In the Interest of P.S.H., a Child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| P.S.H., a child; Unknown, father, | Respondents |
| and | |
| K.S.H., mother, | Respondent and Appellant |

### No. 20250422

Appeal from the Juvenile Court of Ward County, North Central Judicial District, the Honorable Kelly A. Dillon, Judicial Referee.

DISMISSED.

Opinion of the Court by Jensen, Justice.

Rozanna C. Larson, State's Attorney, Minot, ND, for petitioner and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for respondent and appellant.

**Jensen, Justice.**

[¶1]   K.S.H. appeals from an order denying her motion to reform a document filed in a termination of parental rights proceeding. The appeal is untimely because it was not filed within 30 days of the final order terminating parental rights. We dismiss the appeal for lack of jurisdiction.

I

[¶2]   The State petitioned to terminate K.S.H.'s parental rights to her two minor children, M.S.H. and P.S.H. On April 30, 2025, the juvenile court entered an order terminating her rights. On May 5, 2025, although represented by an attorney, K.S.H. filed a letter on her own behalf requesting a district court judge review the juvenile court's decision. On June 2, 2025, K.S.H.'s attorney filed a notice of appeal from the juvenile court's termination order. On June 19, 2025, this Court dismissed the appeal because there was a pending request for district court review.

[¶3]   On August 7, 2025, the district court entered an order denying K.S.H.'s request for review of the juvenile court order terminating her parental rights. The court explained K.S.H.'s request was noncompliant because she failed to provide notice to the other parties and the request was not signed by her attorney. The court concluded, "the request for review is denied, and the referee's order terminating parental rights is final." K.S.H. did not appeal.

[¶4]   On September 12, 2025, more than thirty days after the final termination order, K.S.H. filed a motion under N.D.R.Ct. 3.1(h)(2) to reform her request for district court review. She sought leave to cure the absence of her attorney's signature or, alternatively, that the request be stricken from the record. On October 31, 2025, the district court issued an order denying leave to reform the request. The court explained reformation of the request could not correct "the primary issue" of lack of notice and "would not cure the missed timeline." On December 1, 2025, K.S.H. filed notice she was appealing the order denying her motion to reform the request for district court review.

1

II

[¶5]   K.S.H. argues the district court erred when it denied her motion to reform the letter requesting review of the juvenile court's decision terminating her parental rights. She claims the court's decision deprived her of a meaningful review and violated her procedural rights. The State asserts we lack jurisdiction because K.S.H.'s appeal is untimely.

[¶6]   Termination of parental rights proceedings are governed by N.D.C.C. ch. 27-20.3 and the North Dakota Rules of Juvenile Procedure. *Interest of J.C.*, 2024 ND 9, ¶ 6, 2 N.W.3d 228. Under N.D.C.C. § 27-20.3-22(6), challenges to an order terminating parental rights must generally be made within thirty days:

> Subject to the disposition of an appeal, upon the expiration of thirty days after an order terminating parental rights is issued under this section, the order may not be questioned by any person, including the petitioner, in any manner, or upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter, unless the person retained custody of the child.

*See also* N.D.R.Juv.P. 16(b) (providing limited grounds for vacating an order terminating parental rights); *Interest of B.F.*, 2025 ND 127, ¶¶ 27-28, 23 N.W.3d 718 (analyzing post-termination motion under N.D.R.Juv.P. 16).

[¶7]   Consistent with the statutory 30-day deadline, the North Dakota Rules of Appellate Procedure require appeals from orders terminating parental rights to be expedited. Under N.D.R.App.P. 2.2(a), an "appeal from an order terminating parental rights must be taken by filing a notice of expedited appeal with the clerk of the supreme court within 30 days after entry of the order." *See also Interest of T.S.C.*, 2018 ND 76, ¶¶ 4-7, 908 N.W.2d 754 (holding no extension of time was permitted in appeal of an order terminating parental rights). "This Court lacks jurisdiction to consider an appeal filed more than 30 days following entry of an order terminating parental rights." *Interest of C.A.S.*, 2023 ND 122, ¶ 3, 993 N.W.2d 347 (cleaned up).

[¶8] K.S.H.'s appeal was not filed within the mandatory 30-day deadline. The district court's order denying her request for review explained "the referee's order terminating parental rights is final." "An order, which is complete, which is final, and which does not anticipate or direct further action, is appealable." *Jacobs-Raak v. Raak*, 2020 ND 107, ¶ 18, 942 N.W.2d 879 (quoting *Morley v. Morley*, 440 N.W.2d 493, 495 (N.D. 1989)). K.S.H. did not appeal the final order. Instead, more than 30 days later, she filed a motion seeking to reform her request for review and subsequently appealed the order denying that motion.

[¶9] More than 100 days expired between this appeal and the district court order declaring the termination of K.S.H.'s parental rights final. Absent a timely appeal or retention of custody of the child, an order terminating parental rights "may not be questioned by any person, including the petitioner, in any manner, or upon any ground . . . ." N.D.C.C. § 27-20.3-22(6). K.S.H. has not identified any authority for the proposition that a motion to reform a document, particularly one filed after the appeal deadline, can extend the time for appeal, create an exception to the mandatory deadline, or provide a means for collaterally attacking a final termination order.

### III

[¶10] The appeal is dismissed for lack of jurisdiction.

[¶11] Lisa Fair McEvers, C.J.
 Daniel J. Crothers
 Jerod E. Tufte
 Jon J. Jensen
 Douglas A. Bahr